ROBERT CARSTAIRS v. W. P. BOMAR, EXECUTOR, ET AL.

No. 5508. Decided June 25, 1930.
(29 S. W., 2d Series, 334.)

*Whitaker & Peticolas, Goree, Odell & Allen, L. L. Gambill* and *G. W. Price,* for appellant.

During his lifetime, Jas. H. Nail, deceased, executed a contract based on a valuable consideration to devise a certain portion of his

property, and later executed a will wherein a different distribution was provided. The plaintiff whose right arose by virtue of the terms of this contract is vested with superior equitable title and the defendants, as devisees and executors of the will of Jas. H. Nail, hold legal title to all the decedent's property but subject to the prior disposition made by the contract to devise and impressed with a trust in favor of this plaintiff. Wood v. Tandy, 299 S. W., 282; Smith v. Abernathy, 6 S. W., (2d) 147; Jordan v. Abney, 97 Texas, 296; Dicken v. McKinley, 163 Ill., 318; Burdine v. Burdine, 98 Va., 515; Teske v. Dittberner, 65 Neb., 167; Hale v. Hale, 19 S. E., 739; Page on Wills, Sec. 107, p. 192; Allen v. Allen, 101 Texas, 362; Wyche v. Clapp, 43 Texas, 545.

The plaintiff's superior equitable title derived from the decedent's contract to devise property is properly the basis of such an action to recover lands or to quiet title to lands as is contemplated by Subdivision 14 of Article 1995, and this being such an action to recover land, together with the fact that a part of these lands are situated in Martin County, Texas, the venue of the action lies in that county. Stafford v. Stafford, 96 Texas, 106; Carl v. Settegast, 237 S. W., 238; Jewell v. Hart, 244 S. W., 827; Kirby v. Cartwright, 106 S. W., 742; Wright v. Riley, 118 S. W., 1134; McBride v. Loomis, 170 S. W., 825, 212 S. W., 480; Wood v. Tandy, 299 S. W., 282.

The plaintiff's action to have that portion of lands of which he is the equitable owner set apart to him and partitioned from lands owned by the defendant is such a suit as is contemplated by Subdivision 13 of Article 1995, and a part of these lands being situated in Martin County, Texas, the venue of the action lies in that county. Osborn v. Osborn, 62 Texas, 495; Coryell v. Linthecum, 11 S. W., 1092.

The plaintiff is vested with equitable title to the property involved in this suit and every requirement necessary for the vesting of this equitable title in the plaintiff and impressing a trust on the property in plaintiff's favor has already been completely fulfilled and complied with. Blakeley v. Kanaman, 107 Texas, 206; City of San Antonio v. Grandjean, 91 Texas, 430; Hammett v. Farrar, 8 S. W. (2d), 236; Miller v. Miller, 283 S. W., 1085; Allen v. Allen, 101 Texas, 362; Perry on Trusts, Vol. 1, Sec. 122; McBride v. Loomis, 170 S. W., 825, 212 S. W., 480; Secrest v. Jones, 21 Texas, 121; Browning v. Estes, 3 Texas, 462.

Plaintiff's equitable title derived from a contract to bequeath is properly the basis of an action in trespass to try title. Jordan v.

Abney, 97 Texas, 296; Wyche v. Clapp, 43 Texas, 548; Smith v. Abernathy, 6 S. W. (2d), 147; Bolman v. Overall, 2 So., 624.

*Lea, McGrady, Thomason & Edwards, J. M. Caldwell* and *Cantey, Hanger & McMahon,* for appellees.

In passing upon a plea of privilege, the allegations of the petition are immaterial except insofar as they may show the nature of the suit, and the question of venue is to be determined by the facts alone, and the plea should not be denied unless the exception comes clearly within the statute. Duranga Land & Timber Co. v. Shaw, 165 S. W., 490; Lee v. Gilchrist Cotton Oil Co., 215 S. W., 977; Witting v. Towns, 265 S. W., 410.

A party claiming under a contract to make a will has no interest in the property such as would entitle him to bring a suit in trespass to try title, or in any other manner for the specific property as the owner thereof. The only way one can acquire title, legal or equitable, to land is by an instrument in writing which itself transfers the title; with the sole exception that title may be acquired without such an instrument where the purchase price has been paid, possession given, and valuable improvements erected thereon, sufficient to operate as estoppel. Blakeley v. Kanaman, 107 Texas, 206; City of San Antonio v. Grandjean, 91 Texas, 430; Hammett v. Farrar, 8 S. W., 236; Hooks v. Bridgewater, 111 Texas, 122; Bradley v. Owsley, 74 Texas, 69; Wooldridge v. Hancock, 70 Texas, 18.

The only remedies a promisee in such an instrument has are for specific performance, or on quantum meruit. Jordan v. Abney, 97 Texas, 296, 78 S. W., 486; Dyess v. Rowe, 177 S. W., 1101; Page on Wills, 2d Ed., Section 91.

The uniform rule of decision in Texas is that in a suit for specific performance venue must be laid where the defendants or a part of them reside and that the suit does not come within the exception of Subdivision 14 of Article 1995 of the 1925 Statutes. Cavin v. Hill, 83 Texas, 74; Miller v. Rusk, 17 Texas, 170; Hearst's Heirs v. Kuykendall's Heirs, 16 Texas, 327; Durst v. Swift, 11 Texas, 327; Ballard v. Ellard, 199 S. W., 305; Garrison v. Stokes, 151 S. W., 891; Burkett v. Wynne, 132 S. W., 821; Lucas v. Patton, 107 S. W., 1143.

When the defendants filed their proper verified plea of privilege the burden is then cast upon the plaintiff to prove by evidence his right to sue in Martin County under one of the exceptions to

Article 1995 of the Revised Statutes of 1925. Finkelstein v. M. H. Reed & Co., 15 S. W. (2d), 110; Bryan v. Collins, 5. S. W. (2d), 600; Duffy v. Cole Pet. Co., 5 S. W. (2d), 495; Dallas Ry. Co. v. Kimberly, 268 S. W., 1054; Thompson v. Wynne, 9 S. W. (2d), 745; Eyres v. Crockett St. Bk., 223 S. W., 268; Haynie Bros. v. Lea, 255 S. W., 506.

The Supreme Court and the other courts of civil appeals have held directly in conflict with the Court of Civil Appeals at El Paso on the above issues in the following cases: Hamlin v. Aetna Casualty & Surety Co., 13 S. W. (2d), 382; Goad Motor Co. v. Yantis, 4 S. W. (2d), 282; Eggameyer v. San Antonio Machine & Supply Co., 299 S. W., 518; Moore v. Investment Finance Corp., 299 S. W., 324; Jones v. Boyd, 286 S. W., 1006; Dewitt v. Massachusetts Bonding & Ins. Co., 283 S. W., 588; Scott v. Noakes, 277 S. W., 735; Demars v. Montez, 277 S. W., 402; Morriss v. Knepper, 272 S. W., 542; A. B. Richardson Medicine Co. v. Mullens, 272 S. W., 516; Vaughan v. Urquhart, 265 S. W., 1097; Penix v. Davis, 265 S. W., 718; Leach v. Stone, 264 S. W., 620; Lindley v. Merchants & Farmers State Bank, 264 S. W., 159; Randals v. Green, 258 S. W., 528; Littlefield State Bank v. Moore, 257 S. W., 1007; Avery Co. of Texas v. Harrison, 254 S. W., 1015; Accidental Oil Mills v. Shoemake, 254 S. W., 385; C. H. Robinson & Co. v. Larue & Barron Co., 253 S. W., 596; Richardson v. Cage, 113 Texas, 152; W. L. Pearson & Co. v. City of Port Lavaca, 250 S. W., 708; J. G. Smith Grain Co. v. Schuler, 249 S. W., 524; Galewsky v. Kyser & Co., 244 S. W., 159; First National Bank v. Bulls, 243 S. W., 577; Cogdell v. Ross, 243 S. W., 559; McKean & McNeil v. Martin, 241 S. W., 782; Latshaw v. McLean, 238 S. W., 1003; Malloy v. Industrial Cotton Oil Properties, 238 S. W., 984; Alvis v. Holbert, 238 S. W., 730; Nagle v. Weatherby & Co., 236 S. W., 509; Green v. Partin, 235 S. W., 646; Waxahachie National Bank v. Sigmond Rothschild Co., 235 S. W., 633; Sargent v. Wright, 230 S. W., 781; First National Bank v. Sanford, 228 S. W., 650; and all other cases decided since the amendment of 1917.

There is no case heretofore decided by the courts in Texas wherein it is held that a contract to convey or to will property gives any greater right than the right of specific performance. The courts have so limited the right under such a contract in the following cases: Jordan v. Abney, supra; Cavin v. Hill, supra; Ballard v. Ellerd, supra; Dyess v. Rowe, 177 S. W., 1101; Cubit v. Jackson,

194 S. W., 594; Allen v. Mulkey, 19 S. W. (2d), 936; Hamill v. Agey, 14 S. W. (2d), 126; Lanier v. Looney, 2 S. W. (2d) 347; Garrison v. Stokes, 151 S. W., 891; Burkett v. Wynne, 132 S. W., 816; Lucas v. Patton, 107 S. W., 1143; Miller v. Rusk, 17 Texas, 170; Hearst's Heirs v. Kuykendall's Heirs, 16 Texas, 326; Durst v. Swift, 11 Texas, 273; Page on Wills, 2nd Edition, Sections 105 and 107.

It was so specifically held in Cavin v. Hill, Ballard v. Ellerd, Garrison v. Stokes, Burkett v. Wynne, Lucas v. Patton, Miller v. Rusk, Hearst's Heirs v. Kuykendall's Heirs, Durst v. Swift, all supra.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Appellant, Robert Carstairs, brought this suit in the district court of Martin County against W. P. Bomar and Mrs. Chloe A. Nail, as independent executors of the will of James H. Nail, deceased, and against the various devisees under the will of said James H. Nail. None of the defendants reside in Martin County. In due season, the defendants filed their several pleas of privilege to be sued in Tarrant County, same being the county of their residence. The plaintiff duly filed controverting affidavit in which it is alleged, in effect, that this suit is one for the recovery of land, and that a part of said land lies in Martin County. The plaintiff's petition in the suit was made part of said controverting affidavit. Upon a hearing, the pleas of privilege were sustained by the trial court. An appeal from this order of the trial court having been prosecuted to the Court of Civil Appeals for the Eighth Supreme Judicial District, that court reversed the judgment of the trial court and rendered judgment overruling said pleas of privilege. A motion for rehearing is pending in that court, and the court has certified the following question: "Was the venue properly laid in Martin County?"

Since an answer to this question depends upon the character of the plaintiff's suit, as disclosed by his petition in the case, we deem it proper to set out the petition. Omitting formal allegations, the petition is as follows:

2. "Plaintiff would show that he is the surviving husband of Elizabeth Carstairs, deceased, and that said Elizabeth Carstairs died in El Paso County, Texas, on or about the —— day of ————, A. D. 1927. That the last will and testament of said Elizabeth Carstairs was thereafter duly admitted to probate by the County Court of El Paso County, Texas, and that in said will the said

Elizabeth Carstairs devised and bequeathed unto the plaintiff all of the properties of whatever kind or nature, owned by her at the time of her death, and that under and by virtue of said will and testament the plaintiff, at the time of the death of his said wife, Elizabeth Carstairs, became the owner of any and all properties, of whatever kind or nature, owned by his said wife at her death.

3. "Plaintiff would further show that his said deceased wife, Elizabeth Carstairs, was the daughter of James H. and Addie A. Nail, who were lawfully married to each other on or about the —— day of ——, A. D. 18—, and that there was also born to the said James H. and Addie A. Nail another child, a daughter, Celia Nail. That the said James H. and Addie A. Nail were husband and wife until the death of the said Addie A. Nail, which occurred on or about the 20th day of June, A. D. 1892, and that during their marriage the said James H. and Addie A. Nail, by their joint efforts, earned, acquired, and became the owners of various properties, both real and personal, of a very great value, and owned such properties at the time of the death of the said Addie A. Nail. That the said Addie A. Nail died intestate and that her said children, Celia Nail and Elizabeth Nail, (subsequently Elizabeth Carstairs as heretofore alleged) inherited and became the owners jointly, each owning an undivided ½ thereof, of their mother's ½ interest in said community estate.

4. "Your petitioner further alleges that the said James H. Nail thereafter undertook to make a settlement with the said children of himself and deceased wife, whereby he conveyed and delivered to the said Elizabeth Nail some properties as constituting the property, in kind and in value, that the said Elizabeth Nail was then entitled to receive as the heir of her mother, and as being in settlement of the said Elizabeth Nail's undivided ½ interest in and to the undivided ½ community interest and ownership of the said Addie A. Nail in the community properties owned by the said Addie A. Nail and James H. Nail at the time of the death of the said Addie A. Nail as heretofore alleged.

5. "That the said Elizabeth Nail did thereafter and subsequent to the making by her father of the settlement which he undertook to make with her as aforesaid become informed, and believed, that the settlement as made with her was not a full and fair settlement and that the properties received by her thereunder were not to the extent in kind and in value that she owned and was entitled to receive as the heir of her mother as aforesaid, and there arose a dispute between the said Elizabeth Nail and her father as to whether

or not she had in fact received the properties that she was entitled to as the heir of her mother and whether or not the settlement undertaken to be made by her father with her was a full and fair settlement, and in connection with said dispute it was proposed and asserted by the said Elizabeth Nail that she would institute and prosecute her cause of action to recover the remainder of the properties or their value that she claimed she owned and that she claimed should have been delivered and conveyed to her in order to have made the said settlement undertaken with her in full and fair settlement of her rights, titles and interest in and to her mother's estate, and it was in fact her intention to institute and prosecute such a suit against her father.

6. "That while such dispute was being carried on by and between the said Elizabeth Nail and her father, James H. Nail, and while the said Elizabeth Nail was proposing to institute suit to recover the remainder of the properties to which she claimed to be entitled, and during the month of June, A. D. 1921, and on or about the 9th day thereof, an agreement and contract was made and entered into by and between the said James H. Nail and his said daughter, Elizabeth, that in consideration of the settlement of the said dispute between them and in consideration of the forbearance on the part of the said Elizabeth Nail to prosecute her said asserted cause of action against him and in full settlement of any and all properties that the said Elizabeth Nail might be entitled to as asserted by her and in consideration of the said Elizabeth Nail's (Carstairs) releasing him from the payment of an obligation for the sum of $5,000.00 theretofore made by him to her, that he, the said James H. Nail would prepare and execute his last will and testament, under the terms of which she, the said Elizabeth Nail (Carstairs) would receive a ¼ part of his estate upon his death; or, if plaintiff be mistaken as to this being the true meaning and intention of said agreement and contract as to this particular part thereof, then plaintiff avers that the true meaning and intention of said contract and agreement as to this particular part thereof was that under the terms of said will, the said Elizabeth Nail (Carstairs) would receive, upon the death of said James H. Nail, such ¼ part of his estate less 200 choice cows, 10 good saddle horses, 6 good work horses, 10 choice brood mares, to be selected from his Shackelford County ranch, and one stallion, the said James H. Nail reserving the right to bequeath such named properties to his son, James H. Nail, Jr.; and contracted and agreed upon said considera-

tions that at his death the said Elizabeth Nail (Carstairs) would receive a $\frac{1}{4}$ part of his estate; or, if plaintiff be mistaken as to this being the true meaning and intention of said agreement and contract as to this particular part thereof, then plaintiff avers that the true meaning and intention of said contract and agreement as to this particular part thereof was that the said Elizabeth Nail (Carstairs) would receive, upon the death of the said James H. Nail, such $\frac{1}{4}$ part of his estate less the properties above listed with said James H. Nail reserving the right to bequeath those particular properties to his son, James H. Nail, Jr. That a memorandum of the contract and agreement so made by the said James H. Nail with his said daughter was made in writing and duly signed by the said James H. Nail.

"That the said dispute, between the said Elizabeth Nail and her father, was thereby settled and adjusted and thereupon the said Elizabeth Nail (Carstairs) abandoned the institution of her asserted cause of action and likewise abandoned the collection of the $5,000.00 obligation heretofore referred to and said contract and agreement was thereupon accepted by the said Elizabeth Nail (Carstairs) in full settlement of her rights and interests as the heir of her mother; and said contract and agreement was in all things performed by the said Elizabeth Nail and she thereupon became vested with the right to receive, at the time of his death, a $\frac{1}{4}$ part of the properties owned by said James H. Nail, or a $\frac{1}{4}$ part thereof less the properties above listed as possibly being reserved by said James H. Nail in the contract with his daughter as a special legacy for his son, James H. Nail, Jr.

7. "That subsequent to the death of his wife, Addie A. Nail, and about the year 1896, the said James H. Nail and the defendant herein, Mrs. Chloe A. Nail, were married to each other and remained husband and wife until the time of the death of the said James H. Nail, and the defendants Mrs. Jewel Ruth Bomar and James H. Nail, Jr. are the daughter and son of the said James H. Nail and Mrs. Chloe A. Nail. That Celia Nail, who became the wife of M. J. Stimson, died on or about the —— day of ———, A. D. ——, and that Morris J. Stimson, Jr. and Elizabeth Stimson, defendants herein, are the son and daughter of the said Celia Stimson and M. J. Stimson. That the said Elizabeth Nail, who became the wife of the plaintiff herein, as hereinabove alleged, died on or about the —— day of ———, A. D. 1927, and that the said James H. Nail died on or about the —— day of ———, A. D.

1928, and plaintiff shows that upon the death of said James H. Nail, by reason of the contract and agreement by said James H. Nail that his daughter and the deceased wife of the plaintiff, Elizabeth Carstairs, would receive a ¼ part of his estate at his death, or a ¼ part thereof with the possible exception of the properties reserved for the special legacy to James H. Nail, Jr., as heretofore alleged, and by reason of the facts with reference to the making and carrying out of said contract and agreement as heretofore alleged, and by reason of the plaintiff being the sole devisee and legatee under the last will and testament of his deceased wife, and thereby succeeding to and becoming the owner of the rights, titles and interests vested in her under said contract, the plaintiff became the equitable owner of an undivided ¼ interest, with the possible exception as heretofore alleged, in and to any and all properties owned by said James H. Nail at the time of his death and is now the owner of and holds the equitable title to such ¼ undivided interest in and to said properties, with the possible exception as heretofore alleged.

8. "Your petitioner would further show that the properties owned by the said James H. Nail at the time of his death consisted of properties constituting the separate estate of said James H. Nail and the full ownership of which was vested in him, and also consisted of properties constituting the community estate of the said James H. Nail and his surviving wife, the defendant herein, Mrs. Chloe A. Nail, and a ½ community ownership of which was vested in him. That prior to and at the time of his marriage to the said Mrs. Chloe A. Nail the said James H. Nail was the owner of properties to the extent and value at that time of at least $150,000.00 and more and that said properties were thereafter used by the said James H. Nail, together with other properties, in the acquisition of the properties owned by him and his said wife, at the time of his death, and hereinafter described, and that the properties so owned by them at that time to the extent of at least $150,000.00 constituted the separate estate of the said James H. Nail.

"That the properties in which said James H. Nail owned such a separate estate and such a ½ community interest at the time of his death, among others, consisted of the following described lands of the estimated values shown located and situated in the Counties of Martin, Shackelford, Mitchell and Tarrant, in the State of Texas, to-wit:

"Here follows description of land in different Counties in this State including certain lands in Martin County.

"That in addition to the above described lands the said James H. Nail at the time of his death owned interests, as above alleged, in and to a large amount of personal properties, the exact amount, description and value of which the plaintiff is unable to allege for the reason that possession of the same was taken by the defendants herein upon the death of the said James H. Nail; but plaintiff is informed and alleges that, among others, said personal properties consisted of stocks, bonds, notes and accounts of the approximate value of $150,000.00, cash and deposits in bank in the approximate sum of $50,000.00; live stock of the approximate value of $100,000.00; automobiles, implements and furniture of the approximate value of $10,000.00; and in this connection plaintiff alleges that the exact description, location and value of all the personal properties so owned at the time of the death of the said James H. Nail are well known to the defendants herein and that the plaintiff is entitled to a discovery and specification by the defendants herein as to said personal properties of said James H. Nail which have come into their possession as aforesaid.

9. "Plaintiff further shows that said James H. Nail in violation of the contract and agreement made by him with his said daughter, Elizabeth, and in violation of the rights thereunder which became vested in the plaintiff herein as the sole devisee and legatee under the last will and testament of his said daughter, Elizabeth, executed during his life a last will and testament, which was not revoked by him prior to his death, and which has been duly probated by the County Court of Tarrant County, Texas, as the last will and testament of said James H. Nail, under the terms of which and under the terms of the order of said court admitting it to probate the defendants herein, Mrs. Chloe A. Nail and W. P. Bomar, were named and appointed independent executors thereof, and under the terms of which said will the legal title to all of the properties owned by him at the time of his death, and described above, has become vested in the following persons and in the following proportions, to-wit: full title in and to the property described as Lots 10 and 11, Block 1, Texas & Pacific Railway Company Addition to the City of Fort Worth, Tarrant County, Texas, together with all the household and kitchen furniture therein located and in and to the automobiles on hand at his death, in the defendant Mrs. Chloe A. Nail; an undivided $\frac{1}{3}$ to be made out of his community $\frac{1}{2}$ of the lands in the Shackelford County, Texas, ranch, and in one solid block at its fair valuation, in the defendant, James H. Nail, Jr.; an undivided $\frac{1}{3}$ part in the defendant, Mrs. Jewel Ruth Bomar; an un-

divided $\frac{1}{3}$ part in the defendant Mrs. Chloe A. Nail, in trust, for the benefit of the defendants Morris J. Stimson, Jr. and Elizabeth Stimson; and to be held by the said Mrs. Chloe A. Nail, as such trustee, for the time and in the manner and to be delivered by her to said beneficiaries at the time and in the manner as provided in said will.

"Plaintiff further alleges that by reason of his becoming the equitable owner of an undivided $\frac{1}{4}$ interest in and to all of said properties upon the death of the said James H. Nail, as hereinabove alleged, the legal title to said properties, to the extent of an undivided $\frac{1}{4}$ interest therein, was so taken and so became vested in and is now held and so vested in said defendants, in trust, for the benefit of this plaintiff and that the equitable title in and to such undivided $\frac{1}{4}$ interest in and to all of said properties is now held by and vested in the plaintiff, and that the plaintiff is entitled to have the legal title in and to such undivided $\frac{1}{4}$ interest in and to all of said properties divested out of said defendants and vested in this plaintiff, and is entitled to a partition of all of said properties as between this plaintiff and the defendants. In this connection plaintiff alleges that there are no debts owing by or existing against the estate of James H. Nail, deceased.

10. "The plaintiff would further show that by reason of the facts as herein alleged the ownership of the above described properties, both real and personal, is vested in the parties hereto in the proportions, shares and interests as follows:

"That after the determination and segregation of the properties constituting the separate estate of James H. Nail under the facts as alleged in this petition, the defendant Mrs. Chloe A. Nail is the owner of an undivided $\frac{1}{2}$ share or interest, being her community interest therein, of all the remainder of said properties, both real and personal;

"That the plaintiff Robert Carstairs is the owner of an undivided $\frac{1}{4}$ share or interest in and to all of said properties, both real and personal found and determined to constitute the separate estate of James H. Nail at the time of his death and is the owner of an undivided $\frac{1}{8}$ share or interest in and to the remainder of all said properties; or, if plaintiff be mistaken as to his ownership being exactly such shares or interests, then he avers that he is the owner of such shares or interests less the properties set out in paragraph 6 hereof as possibly having been reserved by James H. Nail for a special legacy for his son James H. Nail, Jr.;

"That the defendant Mrs. Jewel Ruth Bomar is the owner of an undivided ¼ share or interest in and to all of said properties, both real and personal, found and determined to constitute the separate estate of James H. Nail at the time of his death and is the owner of an undivided ⅛ share or interest in and to the remainder of all said properties;

"That the defendant James H. Nail, Jr. is the owner of an undivided ¼ share or interest in and to all of said properties, both real and personal, found and determined to constitute the separate estate of James H. Nail at the time of his death and is the owner of an undivided ⅛ share or interest in and to the remainder of all said properties;

"That the defendant Mrs. Chloe A. Nail, as trustee under the will of James H. Nail, deceased, for the defendants, Morris J. Stimson, Jr. and Elizabeth Stimson, is the owner of an undivided ¼ share or interest in and to all of said properties, both real and personal, found and determined to constitute the separate estate of James H. Nail at the time of his death and is such owner of undivided ⅛ share or interest in and to the remainder of all said properties.

"WHEREFORE, plaintiff prays that the defendants and each of them be duly cited in accordance with law to appear and answer this petition and that upon a trial hereof that the defendants be required to discover, specify and show the personal properties owned by James H. Nail, either as his separate property, or as the community property of himself and wife, Mrs. Chloe A. Nail, at the time of the death of the said James H. Nail, and to discover, specify and show the separate value of the articles thereof and the description and location thereof; that the court find and determine what properties owned by James H. Nail and his wife, Mrs. Chloe A. Nail, at the time of the death of said James H. Nail, constituted the separate estate of James H. Nail and what part thereof constituted the community estate of the said James H. Nail and said Mrs. Chloe A. Nail; that the equitable title of the plaintiff to an undivided ¼ interest in and to all the properties, both real and personal, owned by said James H. Nail, at the time of his death, be established as herein alleged and that the defendants herein be declared and decreed to hold the legal title to plaintiff's said interest in said properties in trust for the plaintiff and that such legal title to such interests be divested out of the defendants and vested in the plaintiff by the decree of this court; that the court find and determine

the shares or interest owned by the various parties hereto in and to all of the properties herein described and find and determine whether said properties, both real and personal, or any part thereof, are susceptible of partition in kind; that the court partition all of said properties, both real and personal, as provided by law and that the title be vested in each of the parties hereto in and to the properties partitioned and set aside by the decree of the court as to each respective party; and that possession of the properties to which each party is entitled be delivered and placed in such person as provided by law; and that any properties, either real or personal, that may be found by the court not to be susceptible of partition in kind be sold under the direction and orders of the court as provided by law and the proceeds from such sales partitioned and delivered to the parties hereto according to their respective interests; and plaintiff further prays for such other and further relief, both general and special, legal and equitable, as he may show himself entitled to under the facts."

Where one, for a valuable consideration which is performed by the promisee, promises in writing to devise his property to the latter, and the promisor dies without carrying out his promise, equity regards that as done which ought to have been done, and corresponding relief will be administered to the promisee. If the promisor leaves a will devising his property to others, in violation of his promise, the property becomes charged in their hands with a constructive trust in favor of the promisee as beneficiary. The devisees take the legal title as trustees in invitum, for the use and benefit of the promisee and his privies. Jordan v. Abney, 97 Texas, 304; Dicken v. McKinley, 163 Ill., 318; Burdine v. Burdine, 98 Va., 515; Page on Wills, sec. 107; 3 Pom. Eq. Jur. Sections 1044, 1048 and 1058; 39 Cyc. 169. This beneficial interest of the promisee or his privies constitutes an equitable title upon which an action, in the courts of this state, for the recovery of the property, may be founded.

Section 14 of Article 1995 of the statutes provides that "suits for the recovery of lands * * * must be brought in the county in which the land, or a part thereof, may lie." The plaintiff's petition in this case, when considered in the light of the authorities, leaves little room to doubt that the suit, as instituted, is one for the recovery of land, within the meaning of the statute. Facts showing that the equitable title to lands held by the defendants is vested in the plaintiff, as the successor in right to his deceased wife, are

alleged in the petition. The primary relief sought by the plaintiff is the enforcement of this equitable title. Upon his obtaining this primary relief depends his asserted claim for relief in respect to the legal title and to partition. Independently of all other relief, in respect to the lands in question, the equitable title pleaded by the plaintiff, and which he seeks to enforce, presents a legal basis for an action for the direct recovery, in the first instance, of the undivided interest claimed by the plaintiff in the lands involved. This, under the authorities, characterizes the plaintiff's suit as one for the recovery of land. Stafford v. Stafford, 96 Texas, 106; Carl v. Settegast, 237 S. W., 240.

We recommend that the certified question be answered in the affirmative.

Opinion of Commission of Appeals answering certified question adopted and ordered certified.

*C. M. Cureton,* Chief Justice.