## COLLINS et al. v. GRIFFITH.

### No. 4734.

Court of Civil Appeals of Texas. Amarillo.
April 12, 1937.

Rehearing Denied May 31, 1937.

Collins, Jackson & Snodgrass, of San Angelo, and Chapman & Ratliff, of Spur, for appellants.

Lockhart & Brown, of Lubbock, Price & Moss, of Post, and Nelson & Smith, of Tahoka, for appellee.

JACKSON, Justice.

The appellee, Lula Hill Griffith, a widow, instituted this suit on June 15, 1935, in the district court of Garza county against the appellants, Alex Collins, J. S. Hickson, George E. Webb, J. Willis Johnson, and H. E. Jackson, to recover title and possession to an undivided one-sixth interest in approximately 210 tracts of land situated in Texas.

In the first count of her petition, she alleged an action in trespass to try title, described certain tracts of land situated in Crockett county, certain tracts situated in Scurry county, certain lots in the city of San Angelo, Tom Green county, and five tracts, containing 2,880 acres, situated in Garza county, Tex.

In the second count, she pleads in substance that her deceased husband, Ben Griffith, J. M. Shannon, and A. F. Clarkson, in the years 1886 and 1887, under a contract with the Capitol Freehold Land & Investment Company, constructed for it fences around, about and across 3,000,000 acres of land; that they made a profit out of the erection of such fences of not less than $65,000, and that Ben Griffith owned an undivided one-third interest therein; that Ben Griffith, prior to her marriage with him, gave her a one-half interest in his personal property, including an undivided one-half interest in the profits arising from the fence contract; and that by reason of such gift, one-sixth of such profits derived from the construction of the fence became her sole and separate property.

That J. M. Shannon collected from the Capitol Freehold Land & Investment Company all the money and profits derived from the erection of the fence, but instead of paying to her deceased husband and herself their part thereof, he unlawfully and without their knowledge or consent, and for the purpose of defrauding them of their interest therein, misappropriated their undivided one-third interest and appropriated it to his own use and benefit by investing it in sheep and cattle from time to time and reinvesting the proceeds of his purchase and sale of cattle in lands, among which were the five tracts situated in Garza county, and on account of such misappropriation and the investing of her funds, she acquired a one-sixth interest in and to such land, the title to which he held in trust for her.

She avers that she knew nothing of the misappropriation of her funds by J. M. Shannon, and states in detail the diligence she exercised to learn what disposition had been made by him of her said funds, her failure to learn, his concealment from her of the facts for years, and that she discovered the fraud and misappropriation of her money about eighteen months before she instituted this suit.

She later filed first and second amended original petitions, elaborating the facts on which she relied to show the existence of a constructive trust, and in addition to a recovery of her interest in the lands and to have a partition thereof, she asked for a

one-sixth interest in certain personal property. Her prayer was that she have judgment against the appellants for title and possession of a one-sixth interest in all the lands and personal property, for a partition thereof, and for cost. In her third amended petition, she made J. P. Hill and W. M. Hemphill parties to the suit, but she failed to get service in time to require them to answer at the term of court at which this trial was had. They did not appear and hence are not before this court.

The appellants each in due time and in proper form filed his plea of privilege to be sued in the county of his residence. In addition to such pleas of privilege, they each by sufficient allegations challenged the good faith of appellant in alleging the facts by which she sought to maintain venue in Garza county.

She filed her controverting affidavit, set up that she was suing to recover lands, a part of which was located in Garza county, and in substance repeated the allegations of her cause of action alleged in the second count of her petitions.

A jury was impaneled to pass on the fact issues pertaining to the pleas of privilege, but at the close of the testimony, the court directed the jury to find a verdict against the appellants, and on such findings, entered judgment overruling each of their respective pleas.

The appellants assail as error the action of the court in directing a verdict against them, asserting that maintaining venue in Garza county depended upon appellee's pleading and proving that she was suing to recover title to the land in Garza county, or that such land should be impressed with a constructive trust, both of which she failed to do, because: (a) By pleading her title specially and introducing conveyances carrying the title into appellants, she waived the formal count of trespass to try title; (b) there was neither pleading nor proof of facts or circumstances such as would authorize the court to establish a constructive trust; (c) her pleading failed to negative the presumption that her cause of action had been lost by laches or barred by limitation on account of the long lapse of time.

The testimony shows that Ben Griffith, Jim Shannon, and A. F. Clarkson made a contract with the Capitol Freehold Land & Investment Company, and under the provisions thereof, constructed in the years 1886 and 1887 about three hundred miles of fence; that the fence was completed and accepted and the price paid; that the parties to such contract were copartners or joint adventurers and each entitled to a one-third undivided interest in the profits made; that Ben Griffith gave to Miss Lula Hill, now Mrs. Lula Hill Griffith, before he married her, a one-third undivided interest in the profits that should accrue from the fence contract; that about the time of the completion of the fences, he went to Miss Hill's home in Louisiana where they were married. The testimony tends to show that J. M. Shannon settled with the Freehold Land & Investment Company when the fences were completed and collected in cash something in excess of $25,000, but failed to pay the expenses which arose in connection with the erection of the fence; that he never settled with Ben Griffith or the appellee for their part of the money he received, and thereafter invested in sheep and cattle, which he sold, and reinvested the proceeds from such sales from time to time in sheep and cattle and also purchased lands with the proceeds received from such investments, among which were the lands described in appellee's petition, including the 2,880 acres, which it is conceded are situated in Garza county, Tex., where the suit was instituted.

Under the facts alleged and the proof offered in support thereof, J. M. Shannon occupied a fiduciary relationship to Ben Griffith and his wife, and if he purchased lands or other property out of funds belonging to the members of the partnership or joint adventure with the wrongful intention not to account therefor, a constructive trust was imposed upon him by equity, requiring that he do justice to the other members of such partnership or joint adventure. Perry on Trust and Trustees (7th Ed.) p. 192, par. 127.

Property purchased by one partner with partnership funds is impressed by equity with a constructive trust. 42 Tex. Jur. p. 668, par. 60; Pfeuffer et al. v. Haas (Tex.Civ.App.) 55 S.W.(2d) 111. We are of the opinion that the pleadings alleged and the testimony in any event made a prima facie case of a constructive trust.

If we concede appellants' contention that appellee waived her cause of action under her count of trespass to try title by pleading her title specially and introducing evidence to show the legal title to

be in them, it does not follow that her suit was not one for the recovery of land.

In answer to a certified question, the Supreme Court in Carstairs v. Bomar, 119 Tex. 364, 29 S.W.(2d) 334, 338, says: "Section 14 of article 1995 of the Statutes provides that 'suits for the recovery of lands * * * must be brought in the county in which the land, or a part thereof, may lie.' The plaintiff's petition in this case, when considered in the light of the authorities, leaves little room to doubt that the suit, as instituted, is one for the recovery of land, within the meaning of the statute. Facts showing that the equitable title to lands held by the defendants is vested in the plaintiff, as the successor in right to his deceased wife, are alleged in the petition. The primary relief sought by the plaintiff is the enforcement of this equitable title. Upon his obtaining this primary relief depends his asserted claim for relief in respect to the legal title and to partition. Independently of all other relief, in respect to the lands in question, the equitable title pleaded by the plaintiff, and which he seeks to enforce, presents a legal basis for an action for the direct recovery, in the first instance, of the undivided interest claimed by the plaintiff in the lands involved. This, under the authorities, characterizes the plaintiff's suit as one for the recovery of land. Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Carl v. Settegast (Tex.Com.App.) 237 S.W. 238, 240."

The facts alleged by appellee are sufficient to authorize the finding of the existence of a constructive trust, and generally the nature of a suit is to be determined from the allegations of the petition. Commercial Standard Insurance Company v. Lowrie (Tex.Civ.App.) 49 S.W.(2d) 933; Rado Refining & Producing Company v. Lucas et al. (Tex.Civ.App.) 93 S.W.(2d) 613; Stockyards National Bank v. Maples (Tex.Com.App.) 95 S.W.(2d) 1300, 1304.

The statute providing that suits to recover land must be brought in county where land lies has been held mandatory. Norvell v. Stovall et al. (Tex.Civ.App.) 95 S.W.(2d) 1313.

In answer by the Supreme Court to a certified question in Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91, 93, it is said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

Since this was a suit for land, the only venue fact appellee was required to prove to maintain her suit in Garza county was that the land or a part thereof was situated in that county. This fact is admitted.

Laches and the statute of limitation are defenses to be urged by appellants on the trial of the case on its merits, and if established, would defeat a recovery by appellee. However, as held by the Supreme Court in answer to a certified question in Stockyards National Bank v. Maples, supra: "The statutory provisions as to the defendant's privilege and the plea of privilege were not intended to protect defendants from unfounded suits."

The presumption of laches or limitation arising from lapse of time may be rebutted and overcome by competent testimony, and under the allegations in appellee's petition and her proof, the delay is explained. These are issues to be determined on a trial of the merits if appellants plead limitation or laches as a defense. 28 Tex.Jur. p. 285, par. 191; 27 Tex.Jur. p. 31, par. 14.

We find neither assignment nor proposition in the brief of appellants assailing the good faith of appellee in instituting her suit in Garza county, but they have filed a written argument claiming the allegations setting up an action in trespass to try title and those pleading a constructive trust were made fraudulently to fix and maintain venue in said county.

They insist that no trust was impressed in her favor on the lands in Garza county because the records show Shannon acquired the land in said county more than thirty years after the fences were completed; that prior to the acquisition thereof, he had other land outside of Garza county worth more than $1,000,000; that his estate now owns personal property of the approximate value of $1,000,000, none of which is located in Garza county; that she could have subjected the other lands or the personal property to the payment of her claim, which would have been the natural and usual procedure had she been acting in good faith. If we are correct in the conclusions heretofore reached, it is obvious that appellee did only what she was permitted and directed to do under the law,

hence perpetrated no fraud on the jurisdiction of the court.

"The rule in equity is, that all the gain made by the trustee, by a wrongful appropriation of the trust fund, shall go to the cestui que trust, and all the losses shall be borne by the trustee himself. The option, in such case, to take the new or the original fund is, therefore (as has been already suggested), exclusively given to the cestui que trust, and is given to him for the wisest purposes and upon the soundest public policy." Oliver v. Piatt, 3 How. 333, 401, 11 L.Ed. 622, 653; see, also, Spencer et al. v. Pettit et al. (Tex.Civ.App.) 268 S.W. 779; Id. (Tex.Civ.App.) 17 S.W. (2d) 1102.

Appellee had the option of suing for her interest in the property accumulated with the trust funds, or to sue for the original debt with interest thereon, and it is no evidence of bad faith that she sued for her interest in the property.

The appellants urge as error the action of the court in permitting certain witnesses to testify in substance that Ben Griffith told them he was going to marry Lula Hill; that she was going to keep his books and assist him in his business, and stated that he had given her one-half of all of his property, including his interest in the fence building contract, and later that he had never received anything out of the fence building contract; and that they knew that he had sold his property to pay some of the debts created in building the fences. These assignments are overruled.

The appellants also complain of the admission of appellee's testimony that her husband gave her a one-half interest in all of his property before they married, including the contract for building the fences. Inasmuch as these facts were testified to by other witnesses, reversible error is not presented by this assignment, but in view of a trial on the merits, we call attention to the opinion by Judge Critz. Wideman v. Coleman et al. (Tex.Com. App.) 17 S.W.(2d) 786.

While not material on the hearing of the pleas of privilege, we are of the opinion that the court records of the prior litigation between Ben Griffith and J. M. Shannon, involving the fence building contract and rights of Griffith thereunder, should be admitted on a trial of the merits.

Finding no reversible error in the record, the judgment is affirmed.