**BOYD et al. v. HOGUE et al.**

No. 5977.

Court of Civil Appeals of Texas. Amarillo.
Oct. 10, 1949.

Rehearing Denied Nov. 7, 1949.

Stine & Stine, Henrietta, and Benson & Benson, Bowie, for appellants.

Hackney & Crawford, Brownfield, for appellees.

LUMPKIN, Justice.

This is an appeal from an order of the District Court of Terry County, Texas, overruling the appellants' plea of privilege to be sued in Montague County, Texas. The appellees, Ethel Leta Hogue and her husband, T. C. Hogue, filed this suit in Terry County against the appellants, Ella N. Boyd, a widow, Austin Boyd, Hazel McDaniel and husband, and Florita Hickey and husband, to recover an interest in five tracts of land situated in Texas. The appellees also ask for an accounting and partition of certain personal property and money alleged to be in the possession of the appellants. One of the tracts of land is in Terry County, another is in Brown County, and three tracts are in Montague County.

In their original petition the appellees alleged that E. A. Boyd and Yancey Gardenshire Boyd, parents of the appellee Ethel Leta Hogue, were married in 1882. In 1889, Yancey Gardenshire Boyd died. E. A. Boyd and appellee Ethel Leta Hogue were her only surviving heirs at law. On February 5, 1898, E. A. Boyd married the appellant Ella N. Boyd, and to this marriage were born the appellants Hazel McDaniel, Florita Hickey and Austin Boyd. E. A. Boyd died March 8, 1948. During their marriage Yancey Gardenshire Boyd and her husband accumulated an estate consisting of certain

personal property and an individed interest in a 50-acre tract of land in Montague County. At her death Yancey Gardenshire Boyd left an estate which included an interest in this tract of land as well as an interest in livestock, farming, implements, crops household furniture, cash money and personal loans.

The appellees pleaded that the Yancey Gardenshire Boyd estate had a reasonable value of $5,000 at the time of her death, that no administration was had on her estate, and that no partition was made of her estate. Boyd did not set his daughter's share of the estate aside, nor did he account to Mrs. Hogue as to the disposition of her share of her mother's estate. Until his death E. A. Boyd continued to manage and control the Yancey Gardenshire Boyd estate. The appellees alleged that a constructive trust had been created at the time E. A. Boyd had assumed control of Mrs. Hogue's interest in the estate and that such a trust continued until his death.

The appellees set forth in their petition various purchases made by E. A. Boyd out of funds belonging to the community estate, and mention a 50-acre tract of land in Montague County which was conveyed to Boyd by his father in satisfaction of a loan due the community estate. Among the purchases made by appellee's father were a 40-acre tract of land, a 150-acre tract, and an 85-acre tract, all situated in Montague County and all deeded to him. Appellees pleaded that, after the death of Yancey Gardenshire Boyd, the estate funds under the management of E. A. Boyd were invested in lands, livestock and loans and that the estate grew in value until it was reasonably worth $25,000 at the time E. A. Boyd married Ella N. Boyd. After his second marriage, E. A. Boyd continued in the control of his first wife's estate and commingled the assets of the first community estate with those of the second community estate. Appellees pleaded in substance that over the years the appellee Ethel Leta Hogue assisted her father in the control and management of his business affairs and that after after her marriage with T. C. Hogue she continued to assist her father to the extent

of operating land located in Lynn and Terry Counties while her father managed the properties situated in and near Montague County. Appellees alleged that E. A. Boyd, by act and deed, admitted the appellees' interest in his estate; that he continued to control and manage his first wife's estate under an agreement with the appellee Ethel Leta Hogue; and that over the years the appellee never waived or relinquished any right in her mother's estate. The appellees contend that they are entitled to a one-half interest in the Yancey Gardenshire Boyd estate and in the increase of such estate as it was invested and reinvested. Among the assets of the estate, the appellees list as subject to partition certain town lots and a garage situated in the town of Bowie, Montague County; a 164-acre tract of land located in the same county; a 320-acre tract in Brown County; and 320 acres in Terry County. The appellees list as personal property postal savings certificates, loans, securities and bonds, together with loans made to the appellants by the estate, amounting to more than $20,000.

In due time the appellants filed a plea of privilege to be sued in Montague County, the county in which three of the appellants—Ella N. Boyd, Austin Boyd and Hazel McDaniel—maintain their residence. To the plea of privilege the appellees filed a controverting affidavit in which they repeated their original allegations, asserted that their petition was true and correct, averred that the suit was for the recovery of an interest in 320 acres located in Terry County, as well as for an interest in other tracts of land, and maintained that their cause of action came within the exceptions listed in Subdivisions 13 and 14 of Article 1995, Vernon's Annotated Civil Statutes. As a result of a hearing before the court without the intervention of a jury, the appellants' plea of privilege was overruled; and to this order of the court the appellants have perfected this appeal.

The appellants attack the court's judgment in five points of error which resolve themselves into two principal contentions: First, the evidence is insufficient to sustain in Terry County venue of an action pertaining to lands situated in Montague Coun-

ty; Second, appellees' controverting plea and evidence are insufficient to sustain in Terry County venue of an action for the recovery of personal property and money.

It appears from the evidence that Yancey Gardenshire Boyd and E. A. Boyd were married in 1882 and that their only child, the appellee Ethel Leta Hogue, was born in 1887. Yancey Gardenshire Boyd died in 1889. In 1898, when the appellee was nearly eleven years old, her father married Ella N. Boyd, one of the appellants, and to this marriage were born Hazel McDaniel, Florita Hickey, and Austin Boyd, all of whom are appellants.

According to the appellee, who was the only witness at the hearing, E. A. Boyd, at the time he married his second wife, owned between 300 and 400 acres of land in Montague County. In 1917, he purchased the East ½ of Section 9 in Block 12, Terry County, a part of the land involved in this suit. Since its purchase the appellee and her husband have had the use and benefit of this particular tract of land, and she claims an interest "in the lands and estates of E. A. Boyd in Montague County, Texas." The appellee has lived thirty-three years in Terry County. The appellants, Ella N. Boyd, Hazel McDaniel and Austin Boyd, have resided in Montague County for a number of years. The appellant Florita Hickey has her home in Dallas County. Nothing appears in the record as to the extent or the location of the personal property and money.

■ As stated in the case of Fouse et ux. v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 193 S.W.2d 241, 244, "The plea of privilege is a creature of the law enacted for the benefit of the defendant. Only the exceptions thereto are enacted for the benefit of the plaintiff." Article 1995, Vernon's Annotated Civil Statutes, sets forth the general rule that no person may be sued out of the county in which he has his domicile. Subdivision 14, Article 1995, lists one of the exceptions to the general rule: "Suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ In applying this exception, our courts have held that such suits, as described in Subdivision 14, are properly brought in the county where the land, or a part thereof, is situated, irrespective of the residence of the defendants. Where the rights of all the parties are identical in two or more tracts of land, venue may be sustained in the county in which one of the tracts is located, although the other tracts are situated in other counties. Heirs of Tevis v. Armstrong et al., 71 Tex. 59, 9 S.W. 134.

■■ The appellees have the burden of proving as well as pleading the facts necessary to prove venue. The appellants agree that the venue for the recovery of the Terry County land properly lies in Terry County. They question, however, the venue as to that part of the suit which concerns real estate not within Terry County. The venue facts which the appellees must prove are: that the suit was for the recovery of land; that a portion of the land was situated in Terry County; that the claim of title to the land in Terry County and those tracts of land in other counties are identical and that the adjudication of the title to the land in Terry County would determine the title to the tracts in the other counties. To support their venue facts, the appellees introduced nine deeds as evidence of Boyd's title to the lands involved in this suit. The appellants assert that the burden rests on the appellees not merely to allege a state of facts for right of title to both the Terry and Montague County lands but to prove that the issues of title would be the same for the properties in all the counties.

■ The appellants cite Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, in support of their contention. In our opinion that case presents a question different from the one before us. In that case the plaintiff sought relief against his divorced wife, Jett Cowden, and two others for title and possession of lands located in Midland County and against his ex-wife alone for the title and possession of lands located in Ector County. Jett Cowden filed a disclaimer to any title or interest in the Midland County lands.

She asserted that the only lands to which she claimed ownership and title were located in Ector County. She prayed that the venue be moved to Travis County, the county of her residence. The trial court found that the controversy relating to the lands situated in Midland and Ector Counties, respectively, was severable; that plaintiff had failed to prove the allegations set forth in his controverting affidavit establishing venue as between plaintiff and his divorced wife in Midland County. The court's order sustaining Jett Cowden's plea of privilege to be sued in Travis County was upheld by the Supreme Court. In the case before us the pleadings and the evidence show that the appellees' claim of title to the land in Terry County is identical to their claim to the other tracts of land involved in the suit. If the appellee Ethel Leta Hogue has any interest in the property sued for, it is derived from her father and mother's estate. Since this is a suit for the recovery of land, in our opinion the appellees have discharged the burden of proof placed upon them. Collins et al. v. Griffith, Tex.Civ.App., 105 S.W.2d 895.

Next, the appellants contend that appellees' controverting plea and evidence are insufficient to sustain in Terry County the venue of a suit for the recovery of personal property and money.

██ Our courts have held that under circumstances in which the primary and ultimate purpose of a suit is to obtain the recovery of lands, or for damage to land, suit must be brought in the county in which the land, or part thereof, is located, although another exception to the venue statute is equally applicable with Subdivision 14. This rule is applied where the allegations and prayer for partition are incidental to the recovery of an interest in real and personal property. Subdivision 13, Article 1995, states that suits for the partition of land or other property may be brought in the county where such land or other property may be or in the county in which one or more of the defendants may reside. Since this suit is one for the recovery of land, the other relief prayed for is incidental. Coryell v. Linthecum et al., Tex.Sup., 11 S.W. 1092; Carstairs v. Bomar, 119 Tex.

364, 29 S.W.2d 334; Norvell v. Stovall, Tex. Civ.App., 95 S.W.2d 1313.

We have carefully reviewed the record in this case. Finding no reversible error, the appellants' points of error are overruled, and the judgment of the trial court is affirmed.