R. A. COX, Appellant,

v.

Dewey C. DANSBY, Appellee.

No. 482.

Court of Civil Appeals of Texas, Tyler.

April 16, 1970.

Rehearing Denied May 14, 1970.

Morris Dorbandt, Tyler, for appellant.

L. F. Burke, Longview, for appellee.

MOORE, Justice.

This is a venue suit. Plaintiff, R. A. Cox, a resident of Harris County, Texas, instituted suit in Smith County against defendant, Dewey C. Dansby, a resident of Smith County and numerous other defendants seeking a partition of 11 tracts of land alleging that the land was originally owned by Sarah L. Danby, deceased, and had descended to defendants under her will. One of the tracts, described in the petition as Tract No. 1, is situated in Smith County. The remaining 10 tracts, described as Tracts Nos. 2 through 11, are situated in Gregg County. Plaintiff alleged that he had acquired a 1/16th interest in all of the real estate of the estate of Sarah L. Dansby, deceased, under a deed executed by Oscar D. Johnson, one of the devisees. He further alleged that by reason of his purchase of an undivided interest, he was entitled to a partition as well as an accounting for rents and revenues collected by defendant Dewey C. Dansby while serving as one of the independent executors under the will of Sarah L. Dansby. His prayer was for a partition and division of his interest in the 11 tracts of land. He also prayed for an accounting for all rents and oil and gas revenues alleged to have been collected by defendant Dewey C. Dansby while acting as one of the independent executors under the will, and alternatively, for an equitable lien against defendant's interest in the land in the event he was unable to account for the rents and revenues collected by him.

In due time, defendant Dewey C. Dansby filed a plea of privilege seeking to remove the cause to Gregg County. While his plea of privilege fails to set forth the specific subdivision of the venue statute relied upon to change venue and for that reason does not comply with Rule 86, Texas Rules of Civil Procedure, he alleged generally that since 10 of the 11 tracts of land were situated in Gregg County, venue should be laid in Gregg County. He also alleged "That this land does not come within any of the exceptions provided by law, in such case, authorizing this suit to be brought in Smith County, Texas, or elsewhere outside of Gregg County, Texas, and the county in which said lands, except Tract No. 1, are located." His prayer was for an order transferring the cause to the District Court of Gregg County in toto or in the alternative that the cause of action involving Gregg County lands be transferred to Gregg County.

Plaintiff answered by filing his controverting affidavit in which he adopted the allegations of his original petition. He also asserted in his controverting plea that the nature of the relief sought in his original petition was for the recovery of an undivided interest in land and to quiet title thereto. He further alleged that since a part of the land was situated in Smith County that venue was properly laid in Smith County by virtue of Article 1995, Vernon's Ann.Tex.Civ.St., subdivision 14, declaring that venue in a suit to recover land is in the county in which the land, or any part thereof, may lie.

After a hearing before the court without a jury, the trial court sustained the defendant's plea of privilege as it related to Tracts Nos. 2 through 11 lying in Gregg County, but overruled defendant's plea of privilege as to Tract No. 1 situated in Smith County and ordered that the cause of action with respect to Tracts Nos. 2 through 11 be transferred to the District Court of Gregg County. Plaintiff, R. A. Cox, duly excepted to that portion of the order transferring the cause of action as it related to Tracts Nos. 2 through 11 to Gregg County and perfected this appeal.

By a single point of error, plaintiff contends that the trial court erred in trans-

ferring a part of the cause of action to Gregg County since the proof conclusively shows that the land in question, or a part thereof, was situated in Smith County.

Subdivision 14 of Article 1995, supra, provides as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

This subdivision is held to be mandatory. South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378 (1937).

Since both parties concede that this is a suit for the recovery of land, subdivision 14 of the venue statute is controlling, and the other relief prayed for in the nature of a partition and accounting becomes incidental. Coryell v. Linthecum, 11 S.W. 1092 (Tex.Sup.); Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334; Boyd v. Hogue, 224 S.W.2d 301 (Tex.Civ.App., Amarillo, 1949, n. w. h.).

In applying subdivision 14, our courts have held that where a plaintiff seeks to recover two or more separate (noncontiguous) tracts of land that are situated in different counties and filed suit in the county in which one of the tracts is situated, venue as to all of the tracts lies in the county of suit, provided (1) that the parties to the suit are the same with reference to each and all of the tracts, and (2) that as between the parties themselves the same facts are determinative of title to each and all of the tracts. Lindsey v. Stuart, 317 S.W. 2d 796 (Tex.Civ.App., Beaumont, 1958, n. w. h.); Accord: Boyd v. Hogue, supra; Tevis' Heirs v. Armstrong, 71 Tex. 59, 9 S.W. 134 (1888); McDonald, Texas Civil Practice, Vol. 1, sec. 4.22.7, pp. 499, 500.

Applying the forgoing rule to the facts here, the record shows that all party defendants are either the devisees or the heirs of devisees under the will of Sarah L. Dansby, deceased. Plaintiff, of course, is a party by reason of his claim to title under a deed from one of the devisees. It thus apears that the parties are the same with respect to all 11 tracts of land. The only remaining question therefore is whether, as between themselves, the same facts are determinative of title to each and all of the 11 tracts. As we construe the plaintiff's petition, he seeks to establish whatever interest in the land he may have acquired by his deed from Oscar D. Johnson, together with a partition and an accounting for whatever rents and revenues he may have acquired by reason of such deed. As we view it, the only interest in the title accruing to any of the parties is derived from one and the same source, to-wit, the Estate of Sarah L. Dansby, deceased. The plaintiff's deed is not in question. Consequently, it appears that the same facts are determinative of title as to all of the tracts of land. The fact that the plaintiff sought to impose an equitable lien for his share of rents and revenues alleged to have been collected by defendant Dewey C. Dansby would not alter the situation. His claim in this respect is merely incidental to the question of title. Under the circumstances presented here, we believe subdivision 14 permits the plaintiff to lay venue in the county in which one of the tracts is located, although the other tracts are situated in other counties. Boyd v. Hogue, supra; Lindsey v. Stuart, supra. It follows that since plaintiff filed suit in Smith County where one of the tracts of land was situated, venue was properly laid under subdivision 14 in Smith County.

For the reasons stated the order of the trial court sustaining the plea of privilege in part is reversed and it is hereby ordered that the plea of privilege be in all things overruled.

Affirmed in part and reversed and rendered in part.