**ANGLO EXPLORATION CORPORA-TION et al., Appellants,**

v.

**John GRAYSHON et al., Appellees.**

**No. 1357.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1978.

Rehearing Denied Jan. 25, 1979.

William G. Lowerre, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, Edward B. Rather, Gonzales, for appellants.

Royal D. Adams, San Antonio, A. L. Hernden, Frederick R. Zlotucha, San Antonio, Houston Munson, Gonzales, for appellees.

## OPINION

YOUNG, Justice.

In this venue case, appellants, defendants below, Anglo Exploration Corporation and A. W. Dugan, were sued by appellees, plaintiffs below, John Grayshon and Robert W. Hopf to recover certain overriding royalty interests in several oil and gas leases, or in the alternative cash damages. Appellants filed a plea of privilege to be sued in the county of their residences and appellees controverted asserting that the suit should remain in Gonzales County, Texas, where the disputed leases were located, under Tex. Rev.Civ.Stat.Ann. art. 1995(7), (14), (27) and (29a).[1] After a hearing the district court overruled appellants' plea.

■■■■ Findings of fact and conclusions of law were not filed nor need they be filed in a plea of privilege case. See Rule 385(e), T.R.C.P. Where they are not filed, the judgment may be affirmed if there is sufficient evidence to support it upon any lawful theory. Every issue sufficiently raised by the evidence must be resolved in support of the judgment. *Levinson v. Slater,* 565 S.W.2d 337, 339 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Appellants bring 20 points of error challenging each exception to the general venue

---

1. All statutory references are to Vernon's Civ.Stats.Ann. unless otherwise noted.

statute that appellees asserted in their controverting affidavit. We hold that appellants' points 1 through 5 concerning Subdivision 14 should be overruled. Consequently, we affirm the trial court's judgment upon the theory that Subdivision 14 controls this case. Therefore we need not discuss Subdivisions 7, 27 and 29a.

The venue facts under Subdivision 14 are: 1) the nature of plaintiff's claim and 2) the location of the land. *Levinson v. Slater,* supra. The parties stipulated that the leases in question are located on land in Gonzales County, Texas. Thus, appellees need only show that the nature of their claim comes within the terms of the exception.

The record on appeal includes the transcript and a 14 page statement of facts with an attached exhibit. For purposes of determining the nature of the suit, though, we look only to the facts alleged in appellee's petition, the rights asserted, and the relief sought. *Levinson v. Slater,* supra.

The pertinent allegations of appellees' original petition appear as follows:

"III

Plaintiffs would show unto the Court and Jury that prior to entering into the agreement and the relationship that is made the basis of this suit, that there existed between Plaintiffs and Defendants a fiduciary relationship and that said relationship was prior to and apart from the transactions made the basis of this suit.

IV

Plaintiffs would show unto the Court and Jury that each of them are practicing geologists and as such are familiar with prospective oil and gas producing properties or possess the necessary professional ability and qualification to evaluate prospective oil and gas prospects. That in connection with their learned profession that they entered into an oral agreement with Defendants for the mutual benefit of all parties wherein they would jointly locate, evaluate, acquire, sell, trade, assign and/or otherwise dispose of prospective oil and gas producing properties. The parties agreed that it would be the responsibilities of Plaintiffs to assist in locating evaluating and disposing of any properties acquired and that it would be the responsibilities of Defendants to acquire, pay for or finance and assist in selling or disposing of such properties. The parties agreed that they would divide the profits and/or proceeds from their endeavors on the basis of Plaintiffs receiving twenty percent (20%) and Defendants receiving eighty percent (80%). It was specifically agreed by and between the parties that the twenty percent (20%) to be received by Plaintiffs and the eighty percent (80%) to be received by Defendants applied to any cash or other things of value received and was to include said percentage of any mineral interest retained.

V

In connection with the pursuing of the joint agreement of the parties and for their mutual benefit, there came to the attention of the parties, the availability for mineral leasing various properties that were located in the area of interest and probable producing areas as determined by your Plaintiffs; that your Plaintiffs evaluated the geology on the areas and recommended that leases be obtained within certain limits, after evaluating geological information. Based upon such advice by Plaintiffs, Defendants acquired numerous leases and most, if not all, were taken in the name of ANGLO EXPLORATION CORPORATION. Defendants, A. W. DUGAN, is President of ANGLO EXPLORATION CORPORATION. After acquiring the mineral leases, they were thereafter sold to various individuals and/or companies by assignments from ANGLO EXPLORATION CORPORATION. There is attached hereto and marked Exhibit "A" a listing of said assignments and the same is included herein, the same as if copied verbatim and all of the properties re-

ferred to and/or described in said assignments are the subject matter of this suit.

## VI

Plaintiffs would show unto the Court that the assignments from Defendant to the various assignees provided for reservation of various mineral interests. Under the terms of the agreement between Plaintiffs and Defendants, Plaintiffs immediately became entitled to twenty percent (20%) of all of the mineral interest retained in said assignments and, therefore, are the equitable owners of twenty percent (20%) of the interest retained in each of the assignments described in Exhibit "A". The mineral interest herein alleged to be owned by Plaintiffs is currently being held in the name of ANGLO EXPLORATION CORPORATION and Plaintiffs claim a constructive trust as to such mineral interest.

\*   \*   \*   \*   \*   \*

## X

Plaintiffs would further show unto the Court and Jury that Defendants have taken various steps and actions in order to prevent your Plaintiffs from receiving their interest in the various leases and that Defendants have failed and refused to execute acknowledge and deliver to Plaintiffs a written assignment evidencing their interest in and to said leases. Defendant, A. W. DUGAN, individually and as President of ANGLO EXPLORATION CORPORATION, has stated to Plaintiffs from time to time that their interest in and to said leases would be assigned to them and that as a result of said actions by Defendants, Plaintiffs have refrained from taking earlier action and, in addition thereto, entered into numerous other transactions on the same or similar basis. The actions of the Defendants show that these representations were in fact false and fraudulent and resulted in the affect of defrauding and depriving your Plaintiffs of the pro rata interest that they were and are rightfully entitled to receive. Because of the fraudulent conduct of the Defendants and the refusal to carry out their agreement, it has become necessary for Plaintiffs to institute this litigation. . . ."

There follows in plaintiffs' petition descriptions of four oil, gas and mineral leases, dated in 1975 and 1976, on land in Gonzales County.

■ A suit for specific performance of a contract to assign an interest in land is not within Subdivision 14 of Article 1995. *Levinson v. Slater,* supra, *Calvert v. Greene,* 326 S.W.2d 592 (Tex.Civ.App.—San Antonio 1959, no writ). But a suit claiming equitable title to land by means of a constructive trust does come within Subdivision 14. *Carstairs v. Bomar,* 119 Tex. 364, 29 S.W.2d 334 (Tex.Comm'n App.1930, opinion adopted), *Levinson v. Slater,* supra.

■ Appellants argue that the facts herein merely allege a suit for specific performance of a contract to assign an interest in land. We disagree. Upon reviewing the allegations in appellees' petition, we find the primary nature of this suit is not one for specific performance of a contract. Rather we find that the allegations show that the primary purpose of the suit is to establish, through a constructive trust, an equitable title to 20% of the overriding royalty interest received by the appellants under the leases alleged to herein.

■ A primary circumstance from which the law will raise a constructive trust is the breach of a confidential relationship. *Gaines v. Hamman,* 358 S.W.2d 557 (Tex. Sup.1962). Appellees' petition in paragraph III specifically alleges "that there existed between Plaintiffs and Defendants a fiduciary relationship and that said relationship was prior to and apart from the transactions made the basis of this suit."

■ Furthermore, appellees allege in paragraph IV and V that the parties were working essentially as joint venturers; e. g., that the plaintiffs "entered into an oral agreement with Defendants for the mutual benefit of all parties wherein they would jointly locate, evaluate, acquire, sell, trade, assign and/or otherwise dispose of all pro-

spective oil and gas producing properties." This relationship can give rise to a constructive trust. *Omohundro v. Matthews,* 341 S.W.2d 401 (Tex.Sup.1960). Moreover, appellees assert in paragraph V that several leases were executed subsequent to appellees' giving the geological information to appellants. Use of a confider's knowledge or information by a confidant who stands in a confidential relationship may give rise to a constructive trust. *Smith v. Bolin,* 153 Tex. 486, 271 S.W.2d 93 (Tex.Sup.1954). Finally, appellees assert in paragraph X that appellants' actions constituted a fraud. Fraud may also give rise to a constructive trust. *Gourley v. Fields,* 348 S.W.2d 787 (Tex.Civ.App.—Eastland 1961, no writ).

We recognize that the nature of a suit is to be determined by the "facts" alleged in the petition, *Levinson v. Slater,* supra, and that it might be asserted that some of the above allegations supporting our decision are in the nature of conclusions. But challenges to the legal sufficiency of the allegations in the petition which are incorporated in the controverting affidavit should be made by special exceptions. This then gives the plaintiff an opportunity to amend his pleadings if they are not specific enough. *Levinson v. Slater,* supra. Appellants' failure to so except in the instant case to the conclusory allegations constituted a waiver of such deficiencies for purposes of venue. Consequently, we are required to construe the allegations liberally and indulge every reasonable intendment to sustain the controverting plea. *Levinson v. Slater,* supra. Accordingly, we find the nature of appellees' suit to be one asserting an equitable title which comes within Subdivision 14.

The judgment of the trial court is affirmed.