Claud B. HAMILL et al., Appellants,

v.

Charles A. BAHR, Sr., et al., Appellees,

No. 12705.

Court of Civil Appeals of Texas.

Galveston.

July 22, 1954.

Rehearing Denied Oct. 7, 1954.

Andrews, Kurth, Campbell & Bradley, Hall E. Timanus, Stewart, Burgess & Morris, James T. Termini, Houston, for appellants.

Stovall, O'Bryant & Stovall, and T. J. Stovall, Jr., Houston, for appellees.

CODY, Justice.

This is a plea of privilege case. The suit by plaintiff was predominantly one against defendants in trespass to try title to 154.89 acres of land alleged by plaintiff to form a part of the Mary C. Bulrice Survey in Harris County, and which were bounded on the south by the *present* channel of Spring Creek. Plaintiff filed his suit in the district court of Harris County. Defendants sought to have the suit removed to the district court of Montgomery County under subd. 14, art. 1995, V.A.C.S., alleging that no part of the land involved was located within the bounds of Harris County, but to the contrary lay wholly within Montgomery County. Upon a trial of the contest without a jury, the court found that no part of the land is within Harris County, and ordered the cause transferred to the district court of Montgomery County. The plaintiff has predicated his appeal from that order upon six points, the first four of which he has grouped for presentation. The substance of the first four points comes to this: that the undisputed evidence establishes that the land here involved, or at least a portion thereof, lies within Harris County. We overrule plaintiff's first four points.

By statute Spring Creek was fixed as the boundary between Montgomery and Harris Counties in the locality in question. At least, on December 18, 1837, the Legislature established Spring Creek as the northern boundary of Harris County in said locality (art. 802 Sayles Texas Civil Statutes), and Montgomery joins Harris County to the north.

 When plaintiff filed his controverting affidavit the burden of proof was cast on the defendants to prove that the land here involved is located wholly within Montgomery County, and that no part thereof lies within Harris County. However, plaintiff's petition established that the south boundary of the 154.89 acres is Spring Creek, and the undisputed evidence likewise established such fact. Also, art. 1606 (originally art. 822) provides that the "county boundaries of the counties in this State as now recognized and established are adopted

as the true boundaries of such counties, and the acts creating such counties and defining the boundaries are continued in force." The quoted statute has several times been construed by appellate courts of the State, but none of the cases are here to the purpose. It is quite obvious that the purpose of the statute was to settle and quiet the question of such boundaries, and should be given a liberal construction. The statute is subject to the construction that the boundaries of the counties as recognized by people living in the community is of evidentiary value. Indeed, outside of the provision of the statute, it is the law of Texas that boundaries may be proved by hearsay testimony. Cox v. State, 41 Tex. 1. The defendants proved by hearsay that people in the community recognized Spring Creek as it courses in its channel in the locality as the boundary between the counties.

█ It was the position of plaintiff that at the time Spring Creek was made the northern boundary of Harris County, it occupied a channel north of that in which it presently flows, which "old" channel runs roughly parallel to the "present" channel. To substantiate this claim plaintiff offered evidence to the following effect:

The field notes contained in the patent to the Mary C. Bulrice Survey. Said field notes call for the beginning point as being where Spring Creek crosses the east line of the Decrow Survey.

"Thence S. 32°E. 1944 varas with Decrow's line to his east corner * * *. Thence East 1901 varas along the north line of George Fisher's (original survey) to his N. E. Corner on the bank of Creek.

"Meander up the Creek with the following course (Here follows courses and distances) to the place of beginning."

Plaintiff also introduced in evidence the block book of Harris County which shows a map on which there is delineated what is called the "old" channel of Spring Creek, and the "new" channel of Spring Creek.

Plaintiff also introduced a map from the General Land Office which shows the north boundary of Harris County far enough north to embrace the Mary C. Bulrice Survey with its full complement of 502 acres. But the certificate to the map merely said that the same was a working sketch prepared by a draftsman in the office from records there. Plaintiff also introduced the evidence of the County Surveyor of Harris County, Mr. R. A. Washburn, who testified that he had been employed in 1950 by the then owner of the land in the Bulrice Survey to survey it, and that when he was running its west line and came to Spring Creek he was puzzled because the line was not as long as called for, so he instructed his boys to go on farther and that they found what he took to be the "old" channel of Spring Creek, which was some 780 feet farther north than the distance called for as the west line of the Bulrice. He testified that he meandered the "old" channel, and that it corresponded rather closely with the field notes of the patent, and the meandering of Spring Creek contained therein. Mr. Washburn said that the Creek must have changed its course by avulsion, since there were large old trees between the two channels.

Mr. J. S. Boyles, C. E., had surveyed the Bulrice in 1931, and he placed the Creek in its present channel. A Mr. W. H. Hildebrandt, who owned land in the vicinity, and ran cattle thereon, testified that he has known every foot of the ground in the area for the past forty four years, and that there was no "old" channel of Spring Creek north of the present channel. There was no evidence that any one knew when and how any change took place in the location of the channel. Plaintiff did introduce the evidence of a gentleman who took some aerial photographs, and who professed to be able to tell that the creek bed had changed. The court evidently did not accept such view. There was sufficient evidence to warrant the court in concluding that the present channel is in virtually the location it occupied when it was made the boundary, and that as presently located it is the recognized boundary between the counties.

The counties were not parties to the suit.

■ Plaintiffs' fifth and sixth points complain of the admission of certain evidence. The trial being to the court, we are warranted in concluding that the court considered no evidence which was not admissible. The judgment is affirmed.

Affirmed.