B. G. LINDSEY et al., Appellants,

v.

Mrs. L. L. (Maud) STUART, Appellee.

No. 6182.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 30, 1958.

Rehearing Denied Nov. 19, 1958.

Hustmyre & Harris, Orange, Joe H. Tonahill, John H. Seale, Jasper, for appellants.

K. W. Denman, James T. Maroney, Jr., Lufkin, Stephenson & Stephenson, Orange, for appellee.

ANDERSON, Justice.

Mrs. Stuart, the appellee, a resident of Angelina County, filed suit in the district court of Orange County against four residents of Jasper County: B. G. Lindsey and wife, Mattie E. Lindsey, and Fred Davis and wife, Mary Nell Davis. The defendants having filed a joint plea of privilege seeking transfer of the case to Jasper County, the plaintiff filed a controverting plea in which she set up that her suit is for the recovery of land and to remove incumbrances upon the title to land, that a part of the land in suit is situated in Orange County, and that therefore the suit is maintainable in Orange County under Subdivision 14 of Article 1995, Vernon's Texas Civil Statutes. The defendants' plea of privilege was overruled and they have appealed.

An essential purpose of the suit is to cancel six deeds: three that were executed by the plaintiff herself, and three that were executed in plaintiff's name by defendant B. G. Lindsey, who held a power of attorney from plaintiff. However, in addition to the allegations that are relied upon for cancellation, plaintiff's petition contains a count in form of trespass to try title.

Mary Nell Beall and husband, Royce Milton Beall, were named as grantees in each of the three deeds that the plaintiff herself executed. Defendant Mattie E. Lindsey was named as grantee in each of the three her husband executed in plaintiff's name.

Undivided interests in non-contiguous tracts of land in three counties (Orange, Jasper and Newton) were ostensibly conveyed by the six deeds, but land in different counties was not conveyed by any one deed.

In other words, one of the deeds to the Bealls purported to convey land in Orange County, another purported to convey land in Jasper County, and the third purported to convey land Newton County, but no one deed purported to convey land in two or more of the three counties. And the same is true of the deeds to Mrs. Lindsey.

The same tracts of land that were dealt with in the deeds to the Bealls were also dealt with in the deeds to Mrs. Lindsey, half of the plaintiff's undivided interests in the various tracts having been ostensibly conveyed to the Bealls and half to Mrs. Lindsey.

Defendant B. G. Lindsey is alleged by plaintiff to have acted in bad faith, to have breached his trust, and to have exceeded his authority in making the deeds to his wife. He is also alleged by plaintiff to have induced her to execute the deeds to the Bealls and to have done so by misrepresentations, etc.

The Bealls were divorced after they had received the three deeds that were made to them, and Mr. Beall conveyed to Mrs. Beall all of his interest in the lands covered by the deeds. Mrs. Beall subsequently married defendant Fred Davis and is herself the defendant Mary Nell Davis. She is alleged by plaintiff to be an adopted daughter of defendant B. G. Lindsey.

To show common source of title and to prove such venue facts as the deeds were competent to prove, the plaintiff introduced in evidence during the hearing the deeds by which she had herself acquired title to undivided interests in the various tracts of land that are in litigation and also the six deeds she seeks to cancel and the deed from Royce Milton Beall to his wife. In addition, she placed in evidence her petition, her controverting plea, and excerpts from defendant B. G. Lindsey's deposition. Defendant Lindsey had testified in his deposition that some of the tracts of land in suit are situated in Orange County.

The deeds that the plaintiff introduced reflected that sundry tracts of land in different surveys are involved, but the defendants nevertheless offered additional evidence to show that the chains of title to the lands in the different counties are, for the most part, unrelated and that neither the land in Newton County nor the land in Jasper County adjoins any part of the land in Orange County.

Subdivision 14 of Article 1995, supra, is as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

 And when such subdivision is relied upon to confer venue, it is not necessary at a hearing on the plea of privilege that a plaintiff prima facie prove his title. It is only necessary that his petition show on its face that the suit is one for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, and that proof be made that the land involved, or a part thereof, lies in the county of suit. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. However, it seems that where, as here, separate tracts of land in different counties are involved, venue in the county where one of the tracts is situated can be maintained as to the other tract or tracts only in special circumstances. The general rules applicable to such a situation are thus set out in 43 B Tex.Jur. 144, Venue, Sec. 28:

"Generally, as against pleas of privilege, venue lies in each county only as to lands located in that county. And the fact that the plaintiff relies on the same facts for the recovery of several tracts in different counties does not entitle him, as against pleas of privilege, to sue for all the tracts in a county where one of them is situated. But where the rights of all parties are identical in two or more tracts of land, venue may be sustained in the county in which one of the tracts is located, although the other tracts are situated in other counties."

Appellee contends, of course, that the case at bar is governed by the rule as stated in the last sentence of the quotation.

Appellants, on the other hand, contend that that rule is applicable only in instances in which an adjudication of title to the land that is situated in the county of suit will also determine title to the land that is not so situated; that such a situation can exist with reference to separate tracts of land only in the event that the tracts have descended from the Sovereign under the same chain of title; and that therefore, and since in this instance the tracts of land that are involved are non-contiguous and have descended from the Sovereign under different chains of title, the rule can have no application to the case at bar.

Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S.W. 134, and Boyd v. Hogue, Tex.Civ. App., 224 S.W.2d 301, which are the cases Texas Jurisprudence cites in support of its statement of the rule, supply the basis of appellants' argument. In the Tevis case, for example, there is this [71 Tex. 59, 9 S. W. 136]:

"The first assignment of error complains of the refusal to sustain the general and special exceptions urged by the defendants to the petition, specially in not striking from the petition so much of it as related to the tract of land lying in Brown county. The authority cited (Martin v. Robinson, 67 Tex. [368], 382, 3 S.W. 550) as construing [the statute], does not apply to a state of facts like those here presented, where the rights of the plaintiffs and of all the defendants are identical in the two tracts. An adjudication upon the ownership of one tract would necessarily determine the ownership of

both, so far as the title would be ascertained by the facts."

And in Boyd v. Hogue there is this [224 S.W.2d 304]:

"The venue facts which the appellees must prove are: that the suit was for the recovery of land; that a portion of the land was situated in Terry County; that the claim of title to the land in Terry County and those tracts of land in other counties are identical and that the adjudication of the title to the land in Terry County would determine the title to the tracts in the other counties."

Granted, however, that parts of the foregoing lend some degree of logic to appellants' theory, we are nevertheless of the opinion that the rule for which the cases stand is not as narrow or as restrictive as appellants would have it.

■ We, ourselves, construe the cases as meaning that where a suit to recover two or more separate tracts of land that are situated in different counties is brought in the county in which one of the tracts is situated venue as to all of the tracts of land lies in the county of suit, provided that the parties to the suit are the same with reference to each and all of the tracts and that as between the parties themselves the same facts are determinative of title to each and all of the tracts. And it is by this standard that we shall appraise the record that is before us.

The plaintiff's petition indisputably shows upon its face that plaintiff is suing for the recovery of lands and to remove incumbrances upon the title to land. Indisputably, also, both the petition and the evidence reflect that the parties to the suit are the same with reference to each and all of the tracts of land involved and that at least one of the tracts of land is situated in the county of suit. There is, therefore, but one controversial question for decision, towit: Does the record reflect, at least prima facie, that as between the parties themselves the same facts are determinative of title to each and all of the tracts of land that are in litigation?

An affirmative answer to the question is not necessarily required by the mere fact that with reference to each and all tracts of land in litigation the adversary parties claim title under the same common source. Furthermore, the answer need not necessarily be the same with reference to both the Davises and the Lindseys: The fact that the defendants are sued jointly is not of consequence; there is no consequential relationship between the deeds that were made to the Bealls and the deeds that were made to the Lindseys; and the answer in the instance of the one and the other pair of defendants is not dependent upon the same facts and circumstances. We have nonetheless concluded, however, that the question should be answered in the affirmative, both as to the Davises and as to the Lindseys.

■ Under the plaintiff's theory of the case as reflected by her pleadings and the evidence, and as between the plaintiff herself and the defendants, title to each and every tract of land in suit is dependent upon whether or not the six deeds that the plaintiff seeks to have canceled are valid. And we infer that the three deeds to the Bealls were made as one transaction and in such circumstances that they will either stand or fall together. We also infer that this is likewise true of the three deeds to Mrs. Lindsey. As between the plaintiff and each pair of defendants, therefore, the same facts are determinative of title to the various tracts of land.

The situation, as we view it, is essentially the same as it would be if one deed instead of three had been used in each instance to convey the land to the Bealls and to Mrs. Lindsey, and the single deeds were now under attack. And if only single deeds were involved, we think it improbable that the defendants would even have filed their plea of privilege.

There is, perhaps, room to question whether the record adequately reflects that

the three deeds to the Bealls were made as one transaction, but if so, appellants have not raised the matter. We may add, however, that, in view of the part that the plaintiff's petition plays when Subdivision 14 of Article 1995 is relied upon for venue, and in view of the fact that all three of the deeds bear the same date and appear to have been acknowledged on the same day, we feel that the inference we have drawn from the record as a whole is justified. But the matter is nonetheless one which should not have been left at all uncertain.

What we have said in the preceding paragraph with reference to the Beall deeds could also be said of the Lindsey deeds, but the question of whether or not the Lindsey deeds were made as one transaction is probably not of the same importance. The deeds bear the same date, appear to have been acknowledged on the same date, were made under the same power of attorney, and are attacked upon the same basis, the basis that defendant B. G. Lindsey was not empowered by the power of attorney to convey to his wife. Basically, therefore, their validity or invalidity likely will turn on a single proposition of law.

It appears that upon trial of the case the defendants will in part defend upon the theory that defendant B. G. Lindsey has at all times held equitable title to all of the lands in suit. Therefore, and since the legal title to the various lands did not accrue to the plaintiff at the same time nor necessarily under the same conditions, the defendants urge that the same facts will not in each instance be determinative of title. There is also the possibility, of course, that the defendants may endeavor to go behind the common source of title. These, however, are defensive matters, and we think that the question of venue must be decided in accordance with the plaintiff's pleadings, evidence, and theory of the case.

Since appellants have heavily relied upon Martin v. Robinson, 67 Tex. 368, 3 S.W. 550; we feel called upon to say that, as we interpret the facts of the case, the defend-ants in that instance were not the same with reference to each and every tract of land sued for, and the case is distinguishable from the case at bar on that basis.

No reversible error having been presented, the judgment of the trial court is affirmed.