**M. BROYLES, Appellant,**

v.

**CITY OF LEONARD et al., Appellees.**

**No. 13612.**

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1960.

C. C. McKinney, Cooper, J. Harris Morgan, Greenville, for appellant.

G. C. Harris, Greenville, Cunningham, Cole & Southerland, Bonham, for appellees.

BARROW, Justice.

This is a venue case. The action was instituted in 1955 by M. Broyles in Hunt County, Texas, against the City of Leon-

ard, a municipal corporation, M. T. Lucas, Clymer Crabb and Clyde Ready, for damages to plaintiff's land, alleged to have been caused by the negligence of the defendants. Each of the defendants duly filed a plea of privilege to be sued in Fannin County, the county of the residence of each. Plaintiff duly filed his controverting affidavit, claiming that venue lay in Hunt County under the provisions of Subdivision 14, Article 1995, Revised Civil Statutes of Texas, permitting suits for damages to land to be brought and maintained in the county in which the land, or part thereof, may lie. The pleas of privilege were heard by the trial court without the intervention of a jury, and after hearing the evidence the court sustained the plea of privilege of each of said defendants, and ordered the venue of the suit transferred to the District Court of Fannin County, Texas. From this judgment plaintiff, Mr. Broyles, has appealed.

Appellant relies for a reversal on one point of error: "The District Court of Hunt County had no competent evidence before it to sustain the plea of privilege of the Appellees." This point clearly presents a "no evidence" question.

From his third amended petition, it appears that appellant's alleged cause of action is one for damages to real estate. Said petition alleges that the land is located partly in Hunt County and partly in Fannin County. After appellant filed his controverting affidavit, appellees filed a reply thereto in which they denied that any of appellant's land was situated in Hunt County, and alleged that all of said land was situated in Fannin County, and that plaintiff's allegation that part of the land is situated in Hunt County was fraudulently made for the purpose of fixing venue in that county. Thus the issue was joined: Is any part of the land involved situated in Hunt County?

Robert Dale, Collector-Assessor of Taxes in Fannin County, testified that all of appellant's land was rendered by him for taxation in Fannin County. Appellant's tax rendition for the years 1958 and 1959, wherein he swore that the land was located in Fannin County, were introduced in evidence. Mr. Dale further testified that appellant's land had been rendered and assessed for taxation in Fannin County for each of the years from 1919 to 1959, inclusive.

Mrs. Carrie Shipp, Deputy Tax Collector of Hunt County, testified that she had searched the records of said office for the years 1919 to 1958, inclusive, and the records disclosed no land out of the John Roberts Survey (the survey in which the land is situated) rendered in the name of appellant or Jack Lee, his predecessor in title, in Hunt County. She testified that appellant rendered no land in Hunt County for the year 1959.

Clint M. Lewis, Chief Deputy Tax Collector of Hunt County, identified a property ownership map used in the tax collector's office in assessing and rendering property for taxes, which is the only map so used. It was introduced in evidence, and shows that all of appellant's land lies to the north and outside of Hunt County.

Appellant testified that he always rendered his land for taxation in Fannin County. Moreover, appellant introduced in evidence his deeds to the land involved, and they showed all of his land lying and being situated in Fannin County. We need not comment on the evidence offered by appellant. The rule is well settled that the appellate court in reviewing the evidence must do so in the light most favorable toward supporting the judgment and must presume that the trial court resolved every issuable fact in support of the judgment.

The Court of Civil Appeals is required to follow the rule which in effect says: If, discarding all adverse evidence, and giving credit to all evidence favorable to the successful party, and indulging every legitimate conclusion favorable to him

which might have been drawn from the facts proved, a trier might have found in his favor, then it is to be concluded that there is evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150.

Appellant relies strongly on the case of Hamill v. Bahr, Tex.Civ.App., 271 S.W.2d 319, which holds that in cases involving Subd. 14 of Article 1995, Vernon's Ann. Civ.Stats. when plaintiff files his controverting affidavit the burden is cast on the defendant to prove that none of the land is located in the county of suit. We do not regard this contention as of great importance in this case for the reason that it is apparent that appellees have discharged that burden even under the rule there stated.

The rule is well settled that when venue is challenged under proper plea, by one sued out of the county of his residence, the burden to allege and prove that the case is within one of the exceptions to the statute providing that one shall not be sued outside of the county of his domicile rests on the plaintiff. The venue facts necessary to be proved, if the defendant asserts his privilege, are those which are stated in the particular exception relied on to sustain venue. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. It is also well settled that this rule applies to cases involving Subd. 14 of Art. 1995. Under the rule plaintiff must allege and prove that the land, or a part thereof, is situated in the county of suit. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428; Marshall v. Ballard, Tex.Civ.App., 314 S.W.2d 368; Kimbell v. Roberts, Tex.Civ.App., 264 S.W.2d 763; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930. We think the evidence is clearly sufficient to support the trial court's implied finding that appellant's land is situated wholly within Fannin County. Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335.

The judgment is affirmed.