MEMBERS MUTUAL INSURANCE
COMPANY, Appellant,

v.

Avis E. TAPP, Appellee.

No. 445.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 1971.

Rehearing Denied March 10, 1971.

James Wyckoff, Wyckoff, Russell & Dunn, Houston, for appellant.

Ken Rolston, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a judgment awarding appellee, Mrs. Avis E. Tapp, a widow, a recovery from her insurer, the appellant, The Members Mutual Insurance Co., under the uninsured motorist provision of her insurance policy. The trial resulting in such judgment was before the court, a jury having been waived.

On May 23, 1968, a car being driven by appellee was struck from the rear by a car being driven by James Earl Seale. Mrs. Tapp did not file any suit against Seale and has not been paid anything by him or any representative of him as compensation for the damages sustained by her as a result of such collision. Rather, she filed suit against appellant, her insurer, alleging that the collision in question was due to the negligence of Seale, that such negligence was a proximate cause of bodily injuries to her, that Seale was an uninsured motorist and that appellant had issued to her a policy of insurance including an uninsured motorist provision which policy was in force at the time of the collision in question. She sought a recovery under that policy for the personal injury sustained by her on the occasion of such collision. It was stipulated that the negligence of Seale was the sole proximate cause of the collision in question. Judgment was rendered for Mrs. Tapp for $9,300. The insurer has appealed from that judgment.

The points of error stated in appellant's brief relate to three basic phases of the case. First, appellant contends that the appellee has failed to prove that the insurance policy issued by appellant to appellee included an uninsured motorist provision. Second, it is contended that appellee failed to prove that Seale was an uninsured motorist. Third, it is contended that the damages awarded by the trial court for lost earnings and lost earning capacity were excessive and were not supported by the pleadings. Those conditions will be discussed in the order stated.

At the beginning of the trial the following stipulation was dictated in open court by counsel for the appellant:

"Number 3, that there is in existence a good and valid policy of insurance in full force and effect at all times pertinent hereto, such policy having been written by the defendant, Members Mutual Insurance Company, with the named insured being Avis Tapp."

■ The appellee did not offer in evidence the insurance policy in question nor make any other formal tender of evidence as to its contents. It is appellant's argument that while it stipulated that a policy issued by it to Mrs. Tapp was in effect it did not stipulate that such policy included an uninsured motorist provision. That argument is rejected. The stipulation dictated was an obvious abbreviation and summary of the agreement between the parties to eliminate the necessity of formal proof of the insurance coverage upon which the suit was based. The use of the words "policy of insurance" of which Mrs. Tapp was the insured, if the stipulation stood in a vacuum, could have been as reasonably construed to refer to a life insurance or fire insurance policy. To give meaning to the language of the stipulation it must be construed in the context of the trial underway. The plaintiff's petition alleged a cause of action under an uninsured motorist provision. The provision was quoted in the petition. The only reasonable interpretation of the language of the stipulation is to the effect that it related to the insurance coverage alleged as a basis of the suit being tried. A stipulation made as a part of the trial must be construed in reference to the pleadings involved and with the purpose of determining the true intention of the parties. It should not be construed in such a manner as to entrap a litigant relying on it into a failure to make proof necessary to the establishment of his cause of action. O'Conner v. State, (Tex. Cr.App.1966), 401 S.W.2d 237; J. W. Gaddy Butane Co. v. Almanza, 252 S.W.2d 489, (Tex.Civ.App.1952), no writ hist.; Firestone Tire & Rubber Co. v. Chipman, 194 S.W.2d 609, (Tex.Civ.App.1946), no writ hist.

Those points of error based upon the contention that appellee failed to show that the insurance policy upon which she sued included an uninsured motorist provision are overruled.

■ The next basis for appellant's contention that the court's judgment should be reversed is in its contention that the appellee failed to discharge her burden of proving that Seale was an uninsured motorist. Mrs. Tapp testified that immediately after and at the scene of the collision Seale told her that he was from Oklahoma, that he had recently come to Houston (where the collision occurred), that he was a painter by trade, that he did not have a job and that he did not have any insurance coverage. There was received in evidence a policy report of the accident including the name, the Houston address and description of Seale. The report also included a description and license number of the car driven by Seale. The report showed that Seale was charged with negligent collision and with failure to have an operator's license. Correspondence between Mrs. Tapp's attorney and the Texas Department of Public Safety was received in evidence. Mrs. Tapp's attorney wrote the department asking if Seale had furnished proof of financial responsibility. The reply from the Acting Director of the Department included "Our file indicates that a notice of suspension has been mailed to James Earl Seale because he did not submit insurance information to this department or show proof of his financial responsibility."

The Texas Supreme Court in the recent case of State Farm Mutual Automobile Insurance Company v. Matlock, 462 S.W.2d 277 (1970), has written on the subject of the burden of proof which Mrs. Tapp here faced in proving that Seale was uninsured. There the Court quoted with specific approval the following language from Merchants Mutual Ins. Co. v. Schmid, 56 Misc.2d 360, 288 N.Y.S.2d 822 (1968):

"Since the absence of insurance upon the offending vehicle and its driver is a condition precedent to the applicability of the uninsured driver endorsement, we hold that the burden of proving such absence is upon the claimant. However, we must keep in mind that proving a negative is always difficult and frequently impossible and that, consequent-

ly, the quantum of proof must merely be such as will convince the trier of the facts that *all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless*. In such an event, and absent any affirmative proof by petitioner, the inference may be drawn that there is in fact no insurance policy in force which is applicable." (Emphasis ours)

Applying the stated test to determine whether Mrs. Tapp discharged her burden of proving that Seale was uninsured, we hold that the record shows that she made "all reasonable efforts" to determine whether Seales was insured and that, she having done so without discovering any such insurance, it may be inferred from the appellant's failure to show such coverage, that Seale was, in fact, uninsured.

The appellant objected in the trial court and contends here that the spontaneous statement made by Seale at the scene of the accident was hearsay. The appellee contends that the statement was admissible as a part of the "res gestae" of the accident. In support of its position the appellant relies largely upon American General Insurance Co. v. Coleman, (1957), 157 Tex. 377, 303 S.W.2d 370. In that workman's compensation case a statement as to his employment made by a party to an accident was held inadmissible as a res gestae exception to the hearsay rule because "it does not relate to happenings which were causative or descriptive of the accident."

The use of the term "res gestae" as related to spontaneous statements made on the occasion of an exciting event is not entirely satisfactory in determining whether those spontaneous statements are admissible evidence under an exception to the hearsay rule. See 1 McCormick & Ray, Texas Law of Evidence, p. 678, Sec. 911. Certainly, Seale's statement that he did not have insurance did not meet the requirements of the Coleman case, supra, for admissibility as a res gestae exception to the hearsay rule. However, its admission in evidence in this case must be considered in the context of the issue here to be proved and in determining whether it contributed to Mrs. Tapp's discharge of her burden of proof. The statement was not received in evidence to prove fault nor responsibility for the accident. It was not received as evidence, which, perhaps along with other evidence, would constitute a preponderance of the credible evidence on the ultimate issue as to the uninsured status of Seale. It was a spontaneous statement made in the excitement produced by an exciting event. It was a statement of a fact which might subject Seale to the penalty of the suspension of his right to an operator's license. Art. 6701h, Vernon's Ann.Tex.St. It was relevant to an evidentiary of the question as to whether Mrs. Tapp had made "all reasonable efforts" to ascertain whether Seale had insurance coverage. Certainly, regardless of the niceties of the law relating to exceptions to the hearsay rule, all reasonable efforts to determine whether Seale had insurance coverage would include determining from him whether he claimed to have such coverage.

The police department accident report received in evidence showed that Seale was furnished with a form with which to report the accident to the Department of Public Safety. Such report on such form requires disclosure of insurance coverage or other source of financial responsibility. Art. 6701h, Sec. 5, V.A.T.S. The written statement of the officer of the Department of Public Safety (the authenticity of which statement was waived by appellant) to the effect that Seale had not submitted insurance information was also evidentiary in discharge of Mrs. Tapp's burden of proof as to the uninsured status of Seale.

The evidence shows reasonable efforts by Mrs. Tapp to ascertain the existence of an insurance policy covering Seale's liability for the accident in question and that such evidence was fruitless. The evidence shows Seale's name, description,

Houston address and the description and license number of the car being driven by him. The appellant insurance company with the facilities at its disposal could easily have learned of any insurance policy covering Seale. Under the circumstances the absence of any affirmative proof by appellant permits the inference to be drawn that Seale was, in fact, uninsured.

 The appellant's final attack upon the trial court judgment is in the contention that the trial court erroneously allowed a recovery for past lost earnings and loss of future earning capacity when there was no evidence or pleadings to support such award. It is contended that the trial judge's findings of fact show that $9,000 of the $9,300 judgment was allocated to loss of earnings and earning capacity. The findings of fact are not susceptible of such construction. The court did recite a finding that the plaintiff sustained a loss of earnings and earning capacity but did not attribute any portion of the damages allowed to that element. The court also recited a finding that the plaintiff incurred necessary medical expense, but, again, attributed no particular sum to that element (the stipulated medical expenses were in the amount of $297.95.) The court's findings of fact also recited that the injury sustained by the plaintiff, "will in some degree be permanent in the future." The court stated as a conclusion of law that plaintiff was entitled to a judgment of $9,300 "based upon injuries and damages sustained as a result of the collision made the basis of her suit."

It is true that the evidence would not have sustained an award of $9,000 for loss of earnings and earning capacity. There was, however, some evidence that Mrs. Tapp, with a salary of $500 per month, had lost some time from her work and that her capacity to perform her work in the future would be impaired to some extent. The record does not show any error of the nature complained of by appellant with reference to the allocation of the damages awarded. Appellant's points of error in that respect are overruled.

The judgment of the trial court is affirmed.