**MEMBERS MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**Avis E. TAPP, Respondent.**

**No. B–2678.**

Supreme Court of Texas.

July 28, 1971.

Wyckoff, Eikenburg, Russell & Dunn, James Wyckoff, Houston, for petitioner.

Ken Rolston, Houston, for respondent.

STEAKLEY, Justice.

This suit is for uninsured motorist benefits. The recovery in the trial court of Avis E. Tapp, Respondent, against her insurer, Members Mutual Insurance Company, Petitioner, has been affirmed. 464 S.W.2d 377. We reverse and remand.

The facts are fully stated in the opinion of the intermediate court. Suffice it to recite here that the recovery was for personal injuries and damages sustained by Respondent when her vehicle was struck in the rear by one operated by James Earl Seale, alleged to be an uninsured motorist.

Under State Farm Mutual Automobile Ins. Co. v. Matlock, 462 S.W.2d 277 (Tex.Sup.1970), Respondent, as the claimant for benefits under the uninsured motorist endorsement to her insurance contract with Petitioner, was under the burden of proving that Seale was uninsured; but in view of the difficult problem of proving a negative, she was under the burden of no more than a convincing quantum of proof that she had

made all reasonable efforts to ascertain that Seale was uninsured, and that these efforts had proved fruitless. In our view, the evidence presented by Respondent falls short of this mark. Exhibits placed in evidence by Respondent established that Respondent knew the Texas license number of the Seale vehicle and that it was owned by him. The licensing records would have been a likely source from which to obtain the address of Seale. Additionally, Respondent testified that she knew of the investigation by the Houston Police Department and the accident report of this Department would be expected to contain this address. Notwithstanding, there is no evidence of any effort to obtain the address of Seale from either source, or to locate him at an address that might have been obtained, or to utilize discovery procedures; nor is there any evidence that such minimum efforts would have been unsuccessful. Respondent argues that requiring more proof in these respects will result in an impossible burden in a large number of uninsured motorist cases "in which the other driver is not available for discovery procedures." This is just the point here. Respondent did not show that Seale was not available or that any effort was made to determine if he was, or that discovery would not have been productive. In view of these circumstances, we disagree with the court of civil appeals in the conclusion that Respondent made all reasonable efforts to determine that Seale was uninsured.

This will require a reversal of the judgments below but we will exercise our discretion and remand the cause in the interest of justice. Rule 505, Texas Rules of Civil Procedure. The law with respect to uninsured motorist benefits is in its formative stages; moreover, as discussed by the court of civil appeals at some length, there was misunderstanding between the parties as to the purport of a trial stipulation, a problem we do not reach and one not likely to recur.

It is so ordered.