Joe HOOD, Appellant,

v.

John SEAY, Individually and d/b/a JRS Company, Appellee.

No. 6469.

Court of Civil Appeals of Texas, El Paso.

Oct. 8, 1975.

Allen Moore, Michael Owensby, Odessa, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, Alvin Walvoord, Jr., Rodney W. Satterwhite, Midland, for appellee.

OPINION

PRESLAR, Chief Justice.

This is a venue matter in which the defendant's Plea of Privilege was sustained. We affirm.

Appellant brought this suit against defendant-appellee alleging an oral partnership agreement to obtain land and share in the proceeds of production from oil therefrom; he is seeking to impose a constructive trust on the land, have an accounting for the oil produced, and other relief.

■ In his petition plaintiff alleged a description of the land by section, block and survey and that it was located "within the jurisdiction of this Court and at a point to be more definitely described to the Court at a later date." No further description was ever pled and on trial no proof was offered as to its location. This failure to prove that the land was located in the County of suit sustains the order of the trial Court.

■ Suits for the recovery of land are controlled by Exception 14 of Art. 1995, Tex.Rev.Civ.Stat.Ann. Two venue facts are controlling: the nature of plaintiff's claim, and the location of the land. 1 McDonald, Texas Civil Practice, Venue Sec. 4.22.1. The second fact is in question here; it must be proved by extrinsic evidence. *Sullivan v. Lucas,* 93 S.W.2d 613 (Tex.Civ. App.—El Paso 1936, no writ); *Broyles v. City of Leonard,* 337 S.W.2d 151 (Tex.Civ. App.—San Antonio 1960, no writ); 1 McDonald, Texas Civil Practice, Venue Sec. 4.22.7; *Fannin Bank v. Johnson,* 432 S.W.2d 138 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ dism'd).

The judgment of the trial Court is affirmed.