**Lurlene WHEELER, Appellant,**

v.

**Gene KEELS, Appellee.**

**No. 8310.**

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Rehearing Denied July 31, 1979.

Tom L. Ragland, Waco, for appellant.

G. A. Fitzgerald, Temple, for appellee.

KEITH, Justice.

This is a venue appeal. Plaintiff, alleging that she was a resident of McLennan County, brought suit in Bell County to recover damages for injuries she alleges she received while upon premises owned by Alton C. Boston, a resident of Bell County. The premises were leased to and in the possession of Gene Keels, a resident of Smith County. She sought a joint and several judgment against the owner and tenant. Boston answered generally and Keels filed his plea of privilege to be sued in the county of his residence.

Plaintiff's counsel then prepared a controverting affidavit wherein he sought to maintain venue in Bell County, and mailed it to the District Clerk with the request that she secure a setting thereon and to notify all counsel of the date of the hearing. No stamped or addressed envelope accompanied the request.*

---

* It is unnecessary for us to determine if *Tex.R. Civ.P. 246,* requiring non-resident attorneys to supply the clerk with a return envelope properly addressed and stamped, applicable to notice

The clerk secured the signature of the judge upon the order setting a hearing and testified that she notified all counsel of the setting by mailing notice to such counsel. But plaintiff's counsel denied receiving such notice and did not appear at the hearing.

At the time and place set in the notice of the hearing, Keels presented his plea of privilege and it was granted, and the Court severed the cause as to Boston from that relating to Keels. A few days thereafter, the clerk mailed a cost bill to plaintiff's counsel and, so he testified, this was his first notice of the action upon his controverting plea.

Plaintiff then filed a motion to vacate the order transferring the cause and it was heard and denied less than thirty days after the order sustaining the plea of privilege was entered. Defendant appeals assigning two points of error, the first of which is that under the rationale of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), the court erred in refusing to vacate the order sustaining the plea of privilege. This Court, in *Drennan v. Belgin Enterprises, Inc.*, 434 S.W.2d 899, 903 (Tex.Civ.App.—Beaumont 1968, no writ), held that the *Craddock* rule is applicable to a venue case wherein plaintiff failed to appear at the precise time set for the hearing on the controverting affidavit.

Plaintiff's reliance upon the *Craddock* rule is misplaced for the reason that his claimed lack of notice was a controverted issue of fact before the trial court in the hearing and was determined adversely to him. The deputy clerk was positive in her testimony that she prepared three notices of the hearing, one for each lawyer involved in the case, and that they were all properly mailed. None of the letters were returned and all other counsel received their notices.

In effect, counsel made the deputy clerk his agent for the purpose of presenting the controverting plea to the trial judge and procuring a date for the hearing thereon. It was plaintiff's duty to secure the hear-

ing. *1 R. McDonald, Texas Civil Practice § 4.52, at 604 (Rev. Vol. 1965)*, and cases therein cited. Counsel now complains that because his agent failed to mail him a notice, the trial court erred in proceeding with the hearing as originally scheduled. We are not favorably impressed with the contention but do not rest our decision upon this fact alone.

As the only witness appearing in behalf of the plaintiff upon the hearing of the motion to vacate the order sustaining the plea of privilege, counsel was an interested witness and the trial court was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. Counsel testified that he did not receive the notice; all other counsel received their notices and the clerk's testimony was positive and direct. A fact issue was presented and determined adversely against plaintiff. See generally, *Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 467 (Tex.1969); *Bates v. Barclay*, 484 S.W.2d 955, 959 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

We recognize the continuing vitality of the *Craddock* rule; but, the fact structure of the case at bar does not make such rule applicable. We find no abuse of discretion on the part of the trial court in refusing to vacate its prior order and point one is overruled.

Nor do we find that error is presented by the second point: that plaintiff has been unable to procure a statement of facts for use upon appeal. Plaintiff has not cited any authority which requires a defendant, after timely filing a proper plea of privilege, to offer testimony at the hearing on the controverting plea, and we know of no such case. Indeed, the plea of privilege is prima facie proof of the defendant's right to have the venue changed to the county designated in his plea. *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222, 224 (1943). Moreover, the filing of the

of settings on the merits, is also applicable to venue hearings. Cf. *State v. Perkins*, 185 S.W.2d 1019, 1021 (Tex.Civ.App.—Texarkana 1944), reversed on other grounds, 143 Tex. 386, 185 S.W.2d 975 (1945).

plea of privilege divests the court of jurisdiction to enter judgment against the defendant pending disposal of the plea of privilege. *Texas-Louisiana Power Co. v. Wells*, 121 Tex. 397, 48 S.W.2d 978, 981 (1932); *Norrell v. National Motor Club*, 498 S.W.2d 257, 260 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

It was plaintiff's burden upon the hearing to plead and prove that her case was within one or more of the exceptions set out in the general venue statute. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 99 (1953).

When plaintiff's counsel failed to appear at the scheduled hearing on the controverting plea of privilege, the trial court was authorized to sustain the plea without hearing evidence since plaintiff had not carried the burden of proving the necessary venue facts to maintain venue in the county of suit. Inability to procure a statement of facts under this record is no cause of reversal.

The judgment of the trial court is affirmed.