MUSTANG TRACTOR & EQUIPMENT COMPANY OF HOUSTON, Appellant,

v.

Robert L. FLOWERS, Appellee.

No. 8395.

Court of Civil Appeals of Texas, Beaumont.

Jan. 31, 1980.

Fred W. Stumpf, Houston, for appellant.

Glen W. Morgan, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff below, Robert L. Flowers, sued Mustang Tractor & Equipment Company, defendant below, in Hardin County. Defendant filed a plea of privilege to transfer the cause to its place of residence, Harris County. Plaintiff filed a controverting affidavit. The District Court sustained the

plea of privilege but directed the cause be transferred to Jefferson County. From this order defendant brings this appeal.

Plaintiff, of course, had the burden of establishing venue in Hardin County. *Donley County State Bank, Clarendon v. Stockstill,* 380 S.W.2d 887 (Tex.Civ.App.— Amarillo 1964, no writ).

In *Tunstill v. Scott,* 138 Tex. 425, 160 S.W.2d 65, 70 (1942), the Court held that when a party files a proper plea of privilege setting out the county of residence, and, upon hearing, the plea is sustained, the trial court must transfer the cause to the county of defendant's residence, even though the plaintiff might have brought the suit originally in some other county under a subdivision of *Tex.Rev.Civ. Stat.Ann. art. 1995* (Vernon 1964). Accord, *Phillips v. White,* 272 S.W.2d 743, 744 (Tex. Civ.App.—Fort Worth 1954, no writ). See also, *Fouse v. Gulf C. & S. F. Ry. Co.,* 193 S.W.2d 241, 243 (Tex.Civ.App.—Fort Worth 1946, no writ).

The judgment of the trial court is reversed, and judgment is here rendered transferring the cause of action to one of the district courts of Harris County, Texas. *Mutual Savings and Loan Association v. Earnest,* 582 S.W.2d 534, 535 (Tex.Civ.App. —Texarkana 1979, no writ). It is so ordered.

REVERSED and RENDERED.