Clinton MANGES, et al., Appellant,

v.

MUSTANG OIL TOOL COMPANY, INC., Appellee.

No. 2446.

Court of Appeals of Texas, Corpus Christi.

Feb. 4, 1982.

**504**

Hon. Pat Maloney, San Antonio, for appellant.

Kenneth L. Yarbrough, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellee.

Before NYE, C. J. and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is a venue action. Suit was brought in Nueces County by appellee, Mustang Oil Tool Company, seeking recovery of an alleged unpaid balance owing by appellant. Appellant, Clinton Manges, filed a plea of privilege to be sued in Duval County, his county of residence. This plea of privilege was controverted by Mustang on the ground that venue was proper in Nueces County under Tex.Rev.Civ.Ann., art. 1995 Subdivision 5 (1964). Venue was sustained by the trial court in Nueces County. Manges appeals, contending that the invoices involved in this controversy do not constitute a written contract which would cause the venue exception statute to control.

A summary of the pertinent facts is as follows: Manges and Mustang orally agreed to have Mustang furnish certain services and equipment in connection with Manges' oil field operations. Mustang, when contacted by Manges, did send a man to the job site. Mustang testified that, until the job was complete, there was no way to determine what tools or how much time would be required to do the job. Therefore, Mustang would keep a record on each job indicating how much time was spent and which tools were used. This information was reflected on a delivery worksheet which was filled out at the job site and signed by whoever was in charge of the particular well. These delivery worksheets were followed up with an invoice which stated:

> "TERMS: PER QUOTE OR NET 30 DAYS ... This account payable to Mustang Oil Tool Company, Inc., at Corpus Christi, Nueces County, Texas."

There is also evidence in the record that Mustang had previously furnished similar goods and services to Manges. The billing procedure for those goods and services was identical to the billing procedure used in the present case (i.e., a delivery worksheet followed by an invoice). Manges paid those invoices in Nueces County.

Where the venue of a cause of action is challenged by a party who has been sued in a county other than his resi-

dence, the filing of a plea of privilege places the burden on the plaintiff to plead and prove that the case is one of exception to the venue statute. No findings of fact or conclusion of law were filed by the trial court. Accordingly, the judgment of the trial court implies all necessary fact findings in support of such judgment. *Fleetwood Construction Company, Inc. v. Western Steel Company*, 510 S.W.2d 161 (Tex. Civ.App.—Corpus Christi 1974, no writ). In seeking to determine whether there is any evidence to support the implied findings of fact incident to the trial court's judgment, we must consider only that evidence most favorable to such implied findings and disregard entirely that which is opposed to it or that is contradictory in its nature. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1978); *Fleetwood Construction Company, Inc. v. Western Steel Company*, supra.

■ The venue facts under Article 1995, Subdivision 5 require that: 1) the defendant must be a party reached by the statute; 2) that plaintiff's claim is based on a written obligation upon which he bases his recovery; 3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; and 4) that the contract by its terms provides for the performance of the obligation sued upon in the county of the suit. See 1 McDonald Civil Practice, § 4.11.1. The trial court's order overruling the defendant's plea of privilege should be affirmed on any basis in which there is evidence of probative force to support it. We examine the entire record in this light. Art. 1995 § 5 (1964).

The primary question in this case is whether or not the parties had a complete oral contract before the delivery worksheets or invoices were sent to Manges. The evidence shows that there was no way of determining exactly how much time or what type of tools or equipment would be needed on a particular job until that job was completed. Therefore, the price of the goods and services was quoted for the first time in the delivery ticket. It is undisputed that the delivery ticket was signed by Manges' agent at the job site. The delivery tickets refer to the terms and restrictions on the reverse side, but the reverse side of the ticket is not in the record before this Court. The invoices, which reflect the same information as the delivery tickets, however, do have a venue provision requiring payment in Nueces County.

We conclude that the contract was not complete at the time of the oral agreement was made between the parties. The delivery tickets and the invoices should be construed together, and when construed together, form a written contract capable of invoking a venue exception. See: *Lufkin Foundry & Machine v. Mixon*, 445 S.W.2d 232 (Tex.Civ.App.—Beaumont 1969, no writ); *Hurlbut v. Lyons*, 405 S.W.2d 398 (Tex.Civ.App.—El Paso 1966, writ dism'd); *Fleetwood Construction Company, Inc. v. Western Steel Company*, 510 S.W.2d 161 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Furthermore, we are of the opinion that the evidence which reflects that Manges had paid Mustang in Nueces County in previous similar dealings strengthens the ruling of the trial court which sustained venue in Nueces County. See: *Harrison v. Facade, Inc.*, 355 S.W.2d 543 (Tex.Civ.App.—Dallas 1962, no writ).

The judgment of the trial court is affirmed.