MATADOR PIPELINES, INC., Appellant,

v.

William P. THOMAS, Sr., et al., Appellees.

No. C14–82–237CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 1983.

On Rehearing May 19, 1983.

B. Thomas Cook, Bracewell & Patterson, Houston, for appellant.

Karl C. Hoppess, Dyche & Wright, Houston, John M. Fultz, Fultz & Davis, Navasota, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

This is a venue case involving a suit to quiet title, for recovery of land, and for damages to land under Tex.Rev.Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964). At issue are the propriety of reopening the evidence under Tex.R.Civ.P. 270, deadlines for filing controverting affidavits to pleas of privi-

lege under Tex.R.Civ.P. 5(b) and 86, and sufficiency of venue facts contained in the controverting affidavit. We affirm the trial court's interlocutory order overruling Appellant's Plea of Privilege.

William P. Thomas, Sr., et al. (Appellees) reside in Grimes County and own several tracts of land which lie in both Grimes and Montgomery Counties. The two tracts involved in this suit are described in the petition as the "First Tract" (346.36 acres in the A. Vince Survey, Grimes County), and the "Second Tract" (527 acres in Montgomery and Grimes Counties). A third tract which lies wholly within Montgomery County was removed from the lawsuit by stipulation at the venue hearing. Appellees' predecessor in title had granted a pipeline right-of-way across the two tracts to Magnolia Petroleum Co. Matador Pipelines, Inc. (Appellant) had acquired this right-of-way by assignment. In January 1981, employees of Appellant entered the land for purposes of reworking the pipeline, at which time several segments of pipe were replaced. On August 13, 1981 the pipeline filled with liquefied propane gas exploded, causing damage to the land. Appellees brought suit on November 13, 1981 in Grimes County seeking damages and, alternatively, to quiet title to the land by declaratory judgment which would establish that the right-of-way had expired by its own terms or had been abandoned. They additionally sought removal of the pipeline from the property. The petition alleged Appellees were owners of the land located in Grimes County.

On December 23, 1981, Appellant's attorney mailed to Appellees' attorney a copy of a Plea of Privilege asserting Matador's right to be sued in Montgomery County by virtue of Tex.Rev.Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964). The Plea of Privilege was delivered to the office of Appellee's attorney on December 24, 1981, but the document was not filed with the court until December 28, 1981. On January 7, 1982, Appellees filed a motion for leave to file the controverting plea more than ten days after receipt, stating:

The plea of privilege was delivered to the office of the undersigned attorney while he was on vacation December 24, 1981 to January 4, 1982, and he is unaware of the exact date it was received by his office. . . . Accordingly, the Plaintiffs through no fault of their own or their attorney may be unable to comply with the requirements of Rule 86 of the Texas Rules of Civil Procedure.

Appellees filed the controverting affidavit itself on January 8, 1982. Appellant filed an Amended Plea of Privilege on January 22, 1982, the date of the initial venue hearing.

At the first hearing the court heard evidence and invited trial memoranda, but reached no decision on the motion for leave to file or the plea of privilege. The issue of good cause for late filing of the controverting affidavit arose briefly in the first hearing, but Appellees stated their January 7 motion contained sufficient grounds of good cause so that no testimony was necessary.

Subsequently, Appellees requested that the evidence be reopened, the request was granted over Appellant's opposition set forth in a trial memorandum of law, and a second hearing was conducted on March 12, 1982. The evidence presented at the second hearing consisted primarily of testimony of Appellees' attorney, Mr. Hoppess, explaining that he filed the controverting affidavit more than ten days after receipt because he and his associate were on Christmas vacation from December 24 through January 3, and in addition, he was in the process of moving his office and joining another firm. Mr. Hoppess further testified that although local co-counsel, Mr. Fultz, received copies of all correspondence and pleadings, he had informed Mr. Fultz that he would handle the pleadings and court proceedings. In addition, Mr. Fultz was unaware that Mr. Hoppess was on vacation or moving his office during late December and early January. At the conclusion of the second hearing, the court granted leave to file the controverting affidavit and overruled Appellant's Plea of Privilege. In appealing the orders granting an extension of time to file the controverting affidavit and overruling the plea of privilege, Appellant asserts six points of error.

In its first point of error, Appellant contends the trial court abused its discretion in contravention of Tex.R.Civ.P. 270 by reopening the evidence after the first venue hearing. Rule 270 permits a court to allow "additional evidence to be offered where it clearly appears to be necessary to the due administration of justice." Appellant and Appellees recognize that the decision to reopen the evidence is a matter within the discretion of the trial court. *Smart v. Missouri-Kansas-Texas Railroad,* 560 S.W.2d 216, 217 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). The trial court's decision will be disturbed on appeal only where clear abuse of discretion has occurred. *Guerrero v. Standard Alloys Manufacturing Co.,* 598 S.W.2d 656, 658 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Appellant and Appellee diverge on the question of whether the moving party must show due diligence in order for the trial court to reopen the evidence.

In deciding whether to reopen the evidence, the court may consider any lack of diligence on the part of the movant in seeking to reopen the case, as well as lack of diligence in failing to offer such evidence at the hearing. *Isenberg v. Isenberg,* 510 S.W.2d 364, 365–366 (Tex.Civ.App.—San Antonio 1974, no writ). Appellees' request to reopen is not a part of the record. Therefore, we are unable to assess the adequacy the allegations contained in that request as a basis for the trial court's decision.

In deciding whether to reopen evidence, the trial court should liberally exercise its discretion in allowing both sides to fully develop the case in the interest of justice. *Zodiac Corp. v. General Electric Credit Corp.,* 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978, no writ). Under the circumstances, we must presume the trial court did not abuse its discretion in reopening the evidence. It follows, then, that the trial court's action will not be reversed on appeal pursuant to Tex.R.Civ.P. 434. We overrule the first point of error.

Points of error two, three, four and five relate to alleged trial court error in granting Appellees' motion for leave to file the controverting affidavit more than ten days after receipt of the plea of privilege and in overruling Appellant's plea of privilege. Appellant asserts there was no evidence or insufficient evidence of good cause for late filing, as required by Tex.R.Civ.P. 5(b), and, therefore, the court was without jurisdiction to take any action other than to transfer the case to Montgomery County.

Succinctly stated, there are two issues raised by these points of error: (1) was Appellees' controverting affidavit filed late? and (2) if so, did Appellees make a sufficient showing of good cause for late filing under Rule 5(b) to justify the trial court's action in permitting the controverting affidavit to be considered under Rule 86 in overruling the plea of privilege?

The precise question of timing presented by this case has never been addressed, although two conflicting lines of decisions have skirted the issue. The conflict to which we refer involves the interplay between Rule 86 and Rule 21a, the latter of which adds three additional days to any time period prescribed by the Rules when notice of proceedings is given by mail.

One line of cases would allow the operation of Rule 21a in extending the ten day reply period of Rule 86 to thirteen days. *Sanchez v. Lewis Refrigeration Co.,* 568 S.W.2d 410 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Texas Cemeteries, Inc. v. Williams,* 459 S.W.2d 876 (Tex.Civ.App.—Waco 1970, no writ). Under these cases, the time for filing a controverting plea does not begin to run until the plaintiff receives notification the plea of privilege has, in fact, been filed. *See also* Figari, *Texas Civil Procedure,* 33 SW.L.J. 455, 465 (1979).

A contrary result was reached in *Bentley v. Rio Grande Development Group,* 607 S.W.2d 319 (Tex.Civ.App.—Fort Worth 1980, no writ) and *Wilson v. Groos National Bank of San Antonio,* 535 S.W.2d 374 (Tex.Civ.App.—Tyler 1976, no writ), in which the courts read Rule 86 literally and found the filing date of the plea of privilege to be irrelevant and Rule 21a to be inapplicable since Rule 86 dealt with "receipt" and not "service." *See also* Figari, Graves and Gordon, *Texas Civil Procedure,* 36 SW.L.J. 435, 448 (1982).

In the case at bar, the application of three day extension under Rule 21a is not at issue. In addition, we find no need to decide which date—receipt or filing—triggers the ten day reply period in the absence of Rule 21a. Appellees received the plea of

privilege on December 24, 1981; ten days later (not counting Sunday, January 3) was January 4, 1982. The plea of privilege was filed on December 28, 1981, and ten days thereafter was January 7, 1982. The controverting affidavit was not filed until January 8, 1982, late by either criterion. *See* Tex.R.Civ.P. 4.

█ Having determined that the controverting plea was late, we must next decide whether Appellees had a valid excuse for their tardiness. Rule 86 does not itself provide for the enlargement of the ten day response period, and thus we must resort to Rule 5(b), which permits enlargements of time periods under the Rules where "good cause is shown for the failure to act...." *Eagle Life Insurance Co. v. Owens*, 549 S.W.2d 243 (Tex.Civ.App.—Texarkana 1977, writ dism'd); Tex.R.Civ.P. 5(b). We agree with Appellant's contention that Appellees were under a duty under Rule 5(b) to plead and prove good cause for late filing of the controverting affidavit. *See, e.g., Reyes v. Texas Employers' Insurance Association*, 581 S.W.2d 268, 272 (Tex.Civ.App.—Waco 1979, writ dism'd); *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 369 (Tex.Civ.App.— Houston [14th Dist.] 1969, writ dism'd). In view of Appellees' excuse contained in the motion to extend time and testimony at the second hearing, Appellees adequately fulfilled that duty.

█ We do not subscribe to the unreasonably burdensome two-pronged test imposed by *Reyes*: that the Plaintiff in responding late to a defendant's plea of privilege "must free himself of any implication of negligence, *and* show that some mistake or overreaching or some actual or constructive fraud upon the part of the defendant or his attorney induced delay." 581 S.W.2d at 272 (emphasis added). The phrase, "good cause," means only a valid excuse, and does not necessarily connote the placing of blame on the defendant. We agree with Appellees that the two part showing to establish good cause has its roots in McDonald, Texas Civil Practice § 4.48. With all due respect to the authors and editors of that most learned treatise, we believe "good cause" can be founded on any of a wide variety of circumstances which may, but need not necessarily, include fault of the defendant, the absence of negligence of the plaintiff, or even unavoidable accident. We disapprove of that portion of the *Reyes* decision which

restricts "good cause" to two categories of excuses, and we find Appellees adequately pleaded and proved good cause for late filing of the controverting plea. We overrule points of error two, three, four and five.

By its final point of error, Appellant contends the venue facts alleged in Appellee's controverting affidavit were fatally indefinite and, therefore, the trial court erred in overruling its plea of privilege. Ancillary issues raised in oral argument and in Appellant's reply brief include allocation of the burden of proof and waiver of objection to defects in the controverting affidavit.

The controverting affidavit incorporated Plaintiffs' Original Petition by reference, reaffirmed the ownership and location of the property, the nature of the lawsuit, and explicitly referred to the venue exception provided by subdivision 14 of article 1995 as grounds for overruling the plea of privilege.

█ It is well settled that a plea of privilege constitutes prima facie proof of the defendant's right to have the suit removed to the county of his residence. *Wheeler v. Keels*, 584 S.W.2d 574 (Tex.Civ. App.—Beaumont 1979, no writ). The burden of proof is then placed on the plaintiff to file a controverting plea, the effect of which is to obligate the plaintiff to prove, by a preponderance of the evidence, the facts alleged in the controverting plea. *Manges v. Mustang Oil Tool Co.*, 628 S.W.2d 503 (Tex.App.—Corpus Christi 1982, no writ); *Members Mutual Insurance Co. v. Tapp*, 437 S.W.2d 439 (Tex.Civ.App.—Houston [14th Dist.] 1969), *appeal after remand*, 464 S.W.2d 377 (Tex.Civ.App.—Houston [14th Dist.]), *rev'd on other grounds*, 469 S.W.2d 792 (Tex.1971). In a venue hearing, once a plea of privilege has been controverted, the plaintiff has the same burden of proving a cause of action (i.e., that venue is proper in the county where suit was filed) as in a trial on the merits. *Lozano v. Tex-Paint, Inc.*, 606 S.W.2d 40, 42 (Tex.Civ. App.—Tyler 1980, no writ); *Mustang Tractor & Equipment Co. v. Flowers*, 596 S.W.2d 586, 587 (Tex.Civ.App.—Beaumont 1980, no writ).

We agree with Appellant's assessment of *Hamill v. Bahr*, 271 S.W.2d 319 (Tex.Civ. App.—Galveston 1954, no writ), as an isolated and spurious decision. *Hamill v. Bahr* stands for the proposition that the defendant, not the plaintiff, has the burden of

proof once a plaintiff controverts a plea of privilege. The court in *Broyles v. City of Leonard,* 337 S.W.2d 151 (Tex.Civ.App.— San Antonio 1960, no writ) by implication disapproved of *Hamill* by stating:

> The rule is well settled that when venue is challenged under proper plea, ... the burden to allege and prove that the case is within one of the exceptions to the statute ... rests on the plaintiff.

*Id.* at 153. As was the case in *Broyles,* this court need not venture further into the issue of burdens of proof since Appellees have successfully proved venue to be proper in Grimes County, as we discuss below.

■ A controverting plea must specifically set out sufficient allegations which, on their face or by reference to pleadings, show the applicability of an exception to the general venue rule so as to confer venue upon the court where the suit is pending. *Malone v. Shoemaker,* 597 S.W.2d 473 (Tex. Civ.App.—Tyler 1980, no writ); *Papas v. Harmon,* 263 S.W.2d 269 (Tex.Civ.App.— Fort Worth 1954, no writ).

■ In the case of a venue exception under article 1995 § 14, the venue facts which must be alleged in the controverting affidavit or by reference to the petition are (1) the nature of the cause of action, which is established by the petition, and (2) the location of the land, which is established by evidence at the venue hearing. *Fannin Bank v. Johnson,* 432 S.W.2d 138, 140 (Tex. Civ.App.—Houston [1st Dist.] 1968, writ dism'd). Appellant's reliance on *Pinkston v. Wills,* 200 S.W.2d 843 (Tex.Civ.App.—Dallas 1947, no writ) is misplaced. The standard of particularity announced in *Pinkston* refers to the requirement that the affiant unequivocally and directly swear that the venue facts are true, not merely state their truth according to his "knowledge and beliefs". *Id.* at 845. The clarity of the oath does not bear on the clarity of the venue facts themselves.

■ In this case, Appellees' petition clearly stated causes of action under subdivision 14 of article 1995, and the petition was incorporated by reference into the controverting affidavit, thereby satisfying the first venue fact. The location of the land, the second venue fact, was alleged by reference to the petition in the controverting affidavit and concededly was located partially in Grimes and partially in Montgomery County. As we have mentioned, the tract which lies solely in Montgomery Coun-

ty was removed from the lawsuit by stipulation. At the venue hearing Mr. Thomas and his son testified to that effect.

■ In a subdivision 14 venue hearing, it is not necessary for the plaintiff to offer prima facie proof of his title to the land. *Lindsey v. Stuart,* 317 S.W.2d 796, 798 (Tex. Civ.App.—Beaumont 1958, no writ). All that is required to satisfy the burden of proof is that the petition on its face show that the suit is based on a cause of action listed in subdivision 14, and that proof be offered that the land, in whole or in part, lies in the county of suit. *Id.* All defenses, including the adequacy of the legal description and the state of the title, are substantive in nature and are properly considered only in the trial on the merits, not in a venue hearing. *Id.* at 800. In the case at bar, there was no need for Appellant to defend the trespass to try title and damage suit prior to a trial on the merits. Such unnecessary contortions have only served to prolong litigation and make a mockery of Texas venue law.

We hold the venue facts asserted in Appellees' controverting affidavit and proof adduced at the venue hearing were adequate to fix venue in Grimes County. The sixth point of error is overruled. In view of our holding that the controverting affidavit was adequate, it is unnecessary to address Appellees' Reply Point No. 5 concerning waiver of defects in the affidavit.

Affirmed.

### Opinion on Appellant's Motion For Rehearing

It appears both Appellant and Appellees are mystified by the reference in our original opinion to the fact that at the hearing held on March 12, 1982, Mr. Hoppess testified "he and his associate were on Christmas vacation from December 24, through January 3...."

At page 58 of the Statement of Facts pertaining to that hearing, Mr. Hoppess testified as follows:

> On December the 23rd, 1981, Mr. Thomas Cook on behalf of Matador Pipelines, the defendent [sic] in this cause of action—or rather on December 24th, 1981, a Plea of Privilege filed by Mr. Thomas Cook for and on behalf of Matador Pipelines was received in my offices located at 914 Main, Suite 1717. *On that date myself and my associate had left for vacation and were not there to receive it.*

Also simultaneously· at that time my office was in the process of being moved and consolidated with Dyche and Wright at 815 Walker, Suite 1600.

From the context, we believe Mr. Hoppess was referring to an "associate" in his Houston office at 914 Main St., and not to John Fultz of Navasota, Texas.

With the exception of this clarification, our opinion of April 14, 1982 remains unchanged. Appellant's Motion for Rehearing is overruled.